108   301
124   219
108   301
s66ɴᴡ   45
e130  ¹481

PILLARD *v.* DUNN.

1. WITNESSES — COMPETENCY — MATTERS WITHIN KNOWLEDGE OF DECEDENT.

Where, in an action by an administrator upon a promissory note belonging to the deceased, the execution of which is denied by the defendant, the plaintiff introduces testimony that the defendant signed the note in the presence of the deceased at a certain time and place, the defendant, notwithstanding the statute excluding his testimony as to matters equally within the knowledge of the deceased, may testify that he was not at such place at the time stated, but was at another place, that he never signed a note in the presence of the witness and of the deceased, and that he did not sign the note in suit.

2. SAME.,

In such action, plaintiff having introduced a letter written by defendant to the deceased in her lifetime, acknowledging an indebtedness to the deceased, defendant may testify that the letter had no reference to the note in question.

3. EXPERT TESTIMONY—HANDWRITING.

Evidence that a witness can read and write, and would know his own signature, is not a sufficient foundation to permit him to testify as an expert on handwriting.

Error to Wayne; Lillibridge, J.  Submitted January 9, 1896.  Decided February 7, 1896.

*Assumpsit* by George F. Pillard, administrator of the estate of Elizabeth Dunn, deceased, against James Dunn, on a promissory note.  From a judgment for plaintiff, defendant brings error.  Reversed.

*Moore & Moore*, for appellant.

*Wilkinson & Post*, for appellee.

LONG, C. J.  Plaintiff, as administrator, sued the defendant, declaring on the common counts, with copy of

note of $200 attached, and claimed in the bill of particulars an additional $200 for moneys loaned. The defendant pleaded the general issue, with notice of the statute of limitations as to the claim for money loaned, and attached his affidavit denying the execution of the note.

On the trial the plaintiff produced a Mrs. Seacord, who testified that the note was signed by the defendant in the presence of the deceased. The note was then given in evidence. The plaintiff also offered in evidence a letter, and the envelope in which it was sent, written by the defendant to the deceased in her lifetime, which were objected to because they were not dated, and there was no showing as to what they referred to. On cross-examination the witness Mrs. Seacord testified that the note was signed on the day of its date, February 17, 1890, at Romulus, Wayne county, this State. The plaintiff also called Mrs. Bourquen, who testified that she knew the defendant's handwriting, and that the note, as well as the letter and envelope, were in the defendant's handwriting. The plaintiff was sworn in his own behalf, and testified that he knew the handwriting, and that the signature to the note was the defendant's. The defendant then introduced as a witness one George Brink, who testified that from January 31 to June, 1890, the defendant was at Munith, Jackson county, and he was there every day, and that he saw him every day; that on February 17, 1890, the defendant and witness paid to one Sutton $12.50, and took a receipt, which witness produced. The defendant was then called, and testified in his own behalf that he was in Munith, Jackson county, every day from January 31 to June, 1890; that on the 17th day of February, 1890, he was at Munith, and remembered the fact of the money's being paid to Mr. Sutton as testified to by the witness Brink; and that he (the defendant) furnished the money to make that payment, and was present when the payment was made. Counsel for plaintiff then moved to strike out the testimony of the defendant as to his being at Munith, Jackson county, for the reason that it was immaterial,

except as it bore on the question of the execution and delivery of the note, and, as the execution and delivery' of the note must have been equally within the knowledge of the deceased, defendant could not testify in regard to it. The court sustained the objection, and struck out all of the defendant's testimony as to his whereabouts from January to June, 1890. The defendant was then asked whether he was at his mother's house, in Romulus, on February 17th, or on February 16th, 17th, and 18th, or on either of those days, or at any time during February, 1890, and whether he was present at any time when any note was signed, and whether he ever signed a note promising to pay his mother $200. The defendant was also asked, as an expert, if, in his opinion, the signature was his. He was further asked if the letter which was offered in evidence had any reference to the note in question. All these questions were excluded upon the ground that they were facts equally within the knowledge of the deceased, and incompetent under the statute.

The court was in error in striking out the testimony given by the defendant, and in refusing to receive the testimony offered, except as hereinafter stated. It is well settled in this State that an opposite party can testify, unless the particular fact testified to was equally within the knowledge of the deceased. It cannot be said, because Mrs. Seacord testified that the defendant signed the note in the presence of his mother (the deceased) on February 17, 1890, at Romulus, Wayne county, that it was true. It may or may not have been true. That would be a question for the jury, if it was disputed or denied, and certainly the defendant may be permitted to testify that it was not true. In *Ripley* v. *Seligman*, 88 Mich. 177, it was held that the opposite party could testify that he had purchased warrants and scrip to enter lands for the deceased, and that he selected the lands, as these acts were not done in the presence of the deceased.

The precise question involved here was involved in *Pinney* v. *Orth*, 88 N. Y. 447. There suit was brought

by the representative of the deceased against Orth to recover a claim for alleged services rendered by the deceased to Orth. On the trial a witness testified to an alleged conversation between Orth and the deceased. Thereupon Mr. Orth took the stand, and proposed to deny the conversation. The testimony was excluded. Speaking of this, the court said:

"We think that Mr. Orth, for instance, was competent to testify that he was not in the city of New York at the time referred to by the witness, or that the witness was at some other place, or that he never met the witness at the office where the conversations are alleged to have occurred; and, on the same principle, we see no reason why he should not have been allowed to testify that the witness was never present at that office when any conversation took place between Mr. Orth and the deceased, so long as he refrained from testifying as to anything that was or was not said between him and the deceased. The fact that the interviews between the party and the deceased did not occur at the place named by the witness, but in a different room, we think, was an independent fact, inquiry as to which did not trench upon the rule. It was not testimony as to the transaction itself, but as to the fact whether the witness saw the party and the deceased together at the placed named by the witness. A party surely ought to be allowed to testify that he never was in a particular house or room, or never met the witness or the deceased there, for the purpose of contradicting the witness who testifies to a transaction between them at that place."

The court further stated, in speaking of the provisions of the act, that the prohibition "does not preclude the survivor from testifying to extraneous facts or circumstances which tend to show that a witness who has testified affirmatively to such a transaction or communication has testified falsely, or that it is impossible that his statement can be true; as, for instance, that the survivor was at the time absent from the country when the transaction is stated to have occurred."

So in the present case. The defendant had a right to testify that he was not in Romulus on February 17, 1890,

but was at Munith, Jackson county, this State. This was not necessarily a fact equally within the knowledge of the deceased, and the fact was not established simply because Mrs. Seacord testified to it. The court was also in error in not permitting the questions propounded to the witness in reference to the letter and envelope to be answered by him.

We know of no rule of evidence that would permit the defendant to testify, as an expert, that it was not his handwriting upon the note, as no foundation was laid upon which it can be said that the defendant was an expert in handwriting. He was simply asked if he was able to read and write, and if he would know his own signature when he saw it. We think this question was properly excluded.

For the errors pointed out the judgment must be reversed, and a new trial ordered.

The other Justices concurred.