SCHMITZ *v.* BEALS.

EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
—AUTHORITY OF AGENT.

In an action against two tenants in common for the breach of
a land contract, brought by the representatives of a de-
ceased vendee, the statute (3 How. Stat. § 7545) does not pre-
vent one of the defendants from testifying that he never had
any dealings with the deceased, but that the contract was
brought to him by his co-defendant, and signed at his request,
and that the latter had no authority to deliver the same to
the vendee without the payment of the sum therein specified.

Error to Wayne; Donovan, J. Submitted October 12,
1897. Decided November 23, 1897.

*Assumpsit* by Joseph Schmitz, Jr., as assignee of the
administratrix of the estate of Joseph Schmitz, deceased,
against Willis E. Beals, impleaded with Charles Cameron,
to recover payments made under a land contract. From
a judgment for plaintiff on verdict directed by the court,
defendant brings error. Reversed.

*Phil. M. Coffin,* for appellant.

*Walter Barlow,* for appellee.

HOOKER, J. Beals and Cameron were owners, as ten-
ants in common, of certain outlots in the city of Detroit,
and subdivided the same into 57 smaller lots. While
these were held in common, Schmitz entered into a writ-
ten contract for three of them; the plaintiff having pro-
duced upon the trial the alleged contract, signed by all of
the parties mentioned. This contract is shown to have
been in the possession of Schmitz about the time of its
date. The consideration mentioned in the instrument was
$1,250, and the purchaser agreed to pay as follows, viz.:
$950 on delivery of the contract, and $300 at or before the

expiration of five years therefrom. Subsequently, Beals and Cameron divided the 57 lots, each deeding to the other an undivided interest in the allotted parcels. In this division the lots in controversy went to Cameron, who subsequently mortgaged them with others, which mortgage was foreclosed, and the lots sold. Schmitz being dead, the administratrix assigned the contract to the plaintiff, who brings this action for a breach of the contract, claiming the right to recover $950, and some other amounts subsequently paid. The evidence of payment consisted of—

*First.* The promise to pay on delivery of the contract, and possession of the contract by Schmitz.

*Second.* Evidence that he took a team away from the farm, and brought back the contract, saying that there was $300 back upon it.

*Third.* Evidence of payment of interest by a daughter of Schmitz at various times.

The plaintiff recovered, and defendant Beals has appealed.

Defendant offered to show that he had no negotiation with Schmitz; that he was informed by Cameron that he had negotiated a sale of these lots for $1,250 upon the terms stated in the contract, and that he (Beals) sanctioned and signed the contract, and gave it to Cameron to execute and deliver; that he never heard anything further about it, and deeded his interest in these lots to Cameron upon the understanding that the contract had not been made. It was claimed that the proof introduced showed that Schmitz paid nothing but a team upon this consideration, and that Cameron had no right to deliver the contract upon such terms, as Schmitz could and should have seen from the terms of the writing. The court refused to permit Beals to testify to the transaction between himhimself and Cameron, and that he never met, or had business dealings with, Schmitz, upon the ground that he was prohibited by the statute. 3 How. Stat. § 7545. He also instructed the jury that "the parties to the contract

115 Mich.—8.

are sellers and the buyer, and there is no testimony before us that there was any overreaching, and, if they took a team as part payment, that is their own lookout." We discover no evidence that the defendants were copartners, or that Cameron was authorized to accept a team in lieu of money as payment. If he did so,—of which there was evidence to go to the jury,—it was competent for Beals to testify that it was unauthorized. The circumstances of the execution of the contract by Beals—if defendant's claim was true—were not equally within the knowledge of Schmitz, who was not present. *Wheeler* v. *Arnold*, 30 Mich. 304; *Ripley* v. *Seligman*, 88 Mich. 190.

We are of the opinion that the judgment should be reversed, and a new trial directed. It will therefore be so ordered.

The other Justices concurred.