BREITENWISCHER *v.* CLOUGH.

1. Appeal—Retrial—Conclusiveness of Prior Decision.

Where the court, upon reversing a judgment, rules adversely to the appellant on some of his assignments of error, the questions raised by such assignments are not open for consideration on a second appeal.[1]

2. Replevin—Defenses—Change of Theory.

A defense pleaded upon the retrial of a suit in replevin, that defendant's father deeded to plaintiff a farm leased to defendant, in consideration of an agreement that defendant should be allowed to raise thereon a crop of wheat, a portion of which was replevied by plaintiff, is substantially the same as a defense decided on a former appeal to be permissible, that the deed was in consideration of an agreement that the grantor should be allowed to raise the wheat, which agreement inured to defendant's benefit,—and the same rule of law is applicable to both.

3. Same—Evidence.

The fact that plaintiff bases his right to the wheat replevied upon a cropping agreement between defendant and himself, the making of which is denied by defendant, does not render inadmissible evidence of the arrangement between plaintiff and defendant's father, since such evidence tends to throw light upon the transaction, and to corroborate defendant's denial.

4. Same—Breach of Contract—Remedy.

Even if it were admitted that both bargains were made, it would be competent to show that defendant did not perform one, and did put in the wheat by consent of his father under the other; in which case plaintiff's remedy would be an action for damages for not raising wheat under his contract, not replevin for the wheat raised under a valid contract with another.

[1] The numerous and not altogether harmonious authorities on the conclusiveness of prior decisions upon subsequent appeals are analyzed and discussed in a note to *Hastings* v. *Foxworthy*, (Neb.) 34 L. R. A, 321.

5. WITNESSES—IMPEACHMENT—TESTIMONY ON FORMER TRIAL.

A witness cannot be impeached by introducing a bill of exceptions containing a statement of his testimony on a former trial, unless the correctness of the transcript is established; the usual method being to call the stenographer, and prove the statements made upon his oath.

Error to Washtenaw; Kinne, J. Submitted February 3, 1898. Decided March 15, 1898.

Replevin by Henry Breitenwischer against Elmer Clough. From a judgment for defendant, plaintiff brings error. Affirmed.

*A. F. & F. M. Freeman,* for appellant.

*Thomas D. Kearney* and *Thomas A. Bogle,* for appellee.

HOOKER, J. This cause has been before us on a former occasion upon a writ of error issued at the instance of the plaintiff. 111 Mich. 6. On that occasion we held that it was competent for the defendant to offer to show a certain defense, viz., that, when defendant's father deeded the place to the plaintiff, the consideration was an agreement that the grantor should be allowed to grow 20 or 25 acres of wheat upon the premises, and that this inured to the defendant's benefit. Upon the last trial the plaintiff was careful, in stating his case to the jury, to base his right to the wheat which he had replevied upon a bargain made between himself and the defendant, by which the latter was to raise a crop on shares, one-third to go to the plaintiff; and he says that he relied on no other claim. Thereupon the defendant's counsel stated the defense, in the course of which he said that the defendant's father, owning the farm, leased it to the defendant for a year in May, 1893, and that he afterwards deeded to the plaintiff, in consideration of an agreement that the defendant should be allowed to raise 20 or 25 acres of wheat, and that in reliance upon this arrangement, and by consent of his

father, the defendant sowed and harvested the wheat in question, of which plaintiff replevied one-third in this action. An objection to the introduction of any testimony tending to prove this statement was overruled, and this is one of the errors assigned. Counsel assert that this is not a statement of the same defense that was passed upon in our former opinion. They also claim that the question decided was not raised by the former record. If they are right in the former, it is unnecessary to discuss the latter question; but we think the defense stated is substantially the same, though technically it was not, because upon one record the statement was that the contract was that Clough should have the right to raise wheat, which accrued to the son, while in the other it was that the son should be allowed to raise the wheat. The same rule of law is applicable to both statements. In replevin a defendant may show any state of facts which controverts the plaintiff's right of possession, and he is not precluded from showing circumstances consistent with his own or another's title by a claim of title on the part of plaintiff, disproval of which would be a complete defense, thus reducing the trial to a single issue of his own selection, although the pleadings do not thus restrict it.

We are of the opinion that counsel have misconceived the other case. They alleged two errors,—one that, although the trial court excluded the proposed testimony, it was error to permit the defendant to state to the jury what he proposed to prove upon that subject. The court, as is its custom where a question is sure to arise upon a second trial, discussed and determined it. The question was raised by the assignments of error, and would have reversed the case had we taken plaintiff's view of it. As it was, the case turned on the question of demand. Our former opinion has settled the principle applicable to this case.

If it be conceded that, notwithstanding the agreement between plaintiff and the father, a valid contract for cropping might be made between the plaintiff and the defend-

ant, thereby admitting that the former is not necessarily a defense to the plaintiff's claim, this testimony throws light upon the transaction, and tends to corroborate the defendant's denial. Even if it be admitted that both bargains were made, it would be competent to show that the son did not perform one, and did put in the wheat by consent of his father under the other. In such case the plaintiff's remedy would be an action for damages for not raising wheat under his contract, not a replevin of the wheat actually raised under a different and valid contract with another. The right to show that this wheat was thus raised is not lessened by the fact that the defendant does not admit the making of the two contracts, and denies the bargain stated by the plaintiff.

The fourth request was given in substance, which we have frequently said dispenses with the necessity of giving specific requests.

Counsel urge that the only agreement proved was, not that plaintiff would allow the father of defendant to raise wheat, but the son. We think this would not alter the rights of the son, if, by consent of his father, he raised this wheat. It was none the less his wheat, and none the more the wheat of the plaintiff.

We must decline to again discuss the question of the alleged variation of the deed by parol, as it was covered and settled upon the former hearing.

Counsel sought to impeach a witness by introducing the former bill of exceptions containing a statement of his testimony. This was clearly inadmissible, as it had not the sanction of an oath. It is usual to call the stenographer, and prove the statements made upon his oath.

The judgment is affirmed.

The other Justices concurred.