MOORE *v.* MACHEN.

1. WITNESSES — COMPETENCY — MATTERS WITHIN KNOWLEDGE OF DECEDENT.

  3 Comp. Laws 1897, § 10212, prohibiting the opposite party, in a suit prosecuted or defended by the personal representative of a deceased person, from testifying to matters which, if true, must have been equally within the knowledge of the deceased, does not render the personal representative incompetent to testify in behalf of the estate as to matters within the decedent's knowledge.

2. ESTATES OF DECEDENTS—REPLEVIN—DEMAND.

  In replevin by the personal representative of a deceased person, proof of a demand made by plaintiff, as the authorized agent of the deceased, before his death, will support the action.

3. SAME—AUTHORITY OF AGENT.

  Plaintiff in such action is a competent witness to show that he was authorized and directed to make such demand.

4. WITNESSES — COMPETENCY — TRANSACTION IN ABSENCE OF DECEASED.

  3 Comp. Laws 1897, § 10212, prohibiting the opposite party, in a suit by the personal representative of a deceased person, from testifying to matters which, if true, must have been equally within the knowledge of deceased, does not forbid the defendant in a replevin suit, who had been the housekeeper of

the plaintiff's intestate for many years, from testifying that a portion of the household property replevied had been purchased by her in decedent's absence with money furnished by her husband.

5. GIFT—EVIDENCE—RELATIONSHIP OF PARTIES.

Where, in an action of replevin by an administrator to recover property of his intestate, there is no testimony directly tending to sustain defendant's claim that the property was given to him by decedent, evidence of the friendly relations existing between them is inadmissible for the purpose of showing a probability that the gift was made.

Error to Wayne; Frazer, J.   Submitted April 5, 1900. Decided May 18, 1900.

Replevin by Joseph B. Moore, administrator of the estate of J. Wilkie Moore, deceased, against John J. Machen and Elizabeth Machen.   From a judgment for defendants, plaintiff brings error.   Reversed.

*Brennan, Donnelly & Van De Mark* and *Selling & Hatch*, for appellant.

*George F. Robison* and *Sumner Collins* (*Walter Barlow*, of counsel), for appellees.

HOOKER, J.   Joseph B. Moore, in the capacity of administrator of his father, J. Wilkie Moore, of Detroit, replevied from the defendants, who are husband and wife, some articles of household furniture, which at the time of the replevin were in the residence which had been occupied by J. Wilkie Moore until about two weeks before his death.   Elizabeth Mackenzie became the housekeeper of J. Wilkie Moore on April 25, 1885, and she married John J. Machen at Mr. Moore's house on December 24, 1890, and they remained at the house of Mr. Moore until his death. About two weeks before J. Wilkie Moore died, he was taken to the house of his son, the plaintiff, where he subsequently died.   Upon the trial the defendants claimed that some of the articles replevied had been purchased by Mr. and Mrs. Machen of Mr. Moore, and others had been given to her by other persons.

Mrs. Machen was permitted to testify that many of the articles had been purchased by her without the knowledge of Mr. Moore, and paid for by money furnished by her husband. This testimony was taken subject to the objection that it was within the statute excluding the testimony of a party as to facts equally within the knowledge of the deceased.

Counsel were not permitted to show by the plaintiff that, by direction and authority of his father, he demanded the delivery of the property during the latter's lifetime. This appears to have been excluded upon the ground that the plaintiff was the son and heir of J. Wilkie Moore, and that his testimony was inadmissible under the statute excluding testimony of facts equally within the knowledge of the deceased. We think this a misapplication of the statute. He did not stand in an antagonistic relation to the estate, but his testimony was offered in its behalf, and was, therefore, admissible. The court instructed the jury that:

" In order to maintain this action, it is essential that the plaintiff should prove either that there was a wrongful conversion of the property upon the part of the defendants, or that he had demanded of the defendants possession of the property, and it had been refused. In either of these cases the plaintiff would be entitled to maintain the action, providing the plaintiff establishes, by evidence satisfactory to you, that, at the time the writ was issued, he was entitled to the possession of the property."

The exclusion of this testimony was, therefore, injurious, as it tended to prove a demand. There was testimony of another demand, made after the intestate died, but both alleged demands were disputed. We are of the opinion that a demand made by J. Wilkie Moore, or his authorized agent, before his death, would be all the demand required to support this action. Proof of the agent's authority would be necessary, however, before the demand would avail. If J. Wilkie Moore directed his son to make the demand, it was all that was necessary; and, as it might be proven by the testimony of any one who heard the direction given, so, too, it might be proven by that of

Joseph B. Moore himself.   It is true that it was the statement of another, but it was *res gestæ.*

Mrs. Machen was allowed to testify that she purchased some of the articles with money furnished by her husband, and that J. Wilkie Moore was not present at the time. The plaintiff claims that this was not admissible under the statute that prohibits an adverse party from testifying to matters equally within the knowledge of a deceased person in an action brought or defended by his representative.   He says that the question was the ownership, and that the deceased must have known whether he owned such property, and that this testimony was an indirect way of proving that he did not own it.   Counsel cite some cases in point from other States, but our statute has not received so liberal a construction.   Counsel cite several cases which sustain the ruling.   *Wheeler* v. *Arnold,* 30 Mich. 304; *Webster* v. *Sibley,* 72 Mich. 636 (40 N. W. 772); *Ripley* v. *Seligman,* 88 Mich. 177 (50 N. W. 143); *Pillard* v. *Dunn,* 108 Mich. 301 (66 N. W. 45); *Schmitz* v. *Beals,* 115 Mich. 112 (73 N. W. 109).

Many questions are raised over the introduction of evidence.   Counsel for the defendants sought to justify some of this testimony upon the ground that it tended to show friendship on the part of J. Wilkie Moore for Mrs. Machen, and tended to render it probable that some of these articles were given to her by him.   If there was any testimony directly tending to prove that he gave any of the articles to her, proof of friendly relations might be admissible, otherwise not.   There was some testimony admitted, however, that was immaterial, and the learned circuit judge recognized this, but admitted it as cross-examination upon subjects opened by plaintiff's counsel. As the cause must be reversed for the reason already stated, it is unnecessary to discuss this testimony.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.