## BLODGETT *v.* VOGEL.

1. EVIDENCE—FACTS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
   In an action by an executrix to recover an account upon the testator's books, the defendant will not be allowed to testify that the words, "in full for services to date,—settlement in full," were written upon a check given by him to decedent before delivery, as such fact is equally within the knowledge of the deceased.

2. SAME—CHECKS—CUSTOM OF DEFENDANT.
   Checks issued by defendant to third persons are inadmissible to show the custom of defendant to indorse upon his checks the nature of the transactions on account of which the payments were made, in the absence of any evidence to show that the deceased knew of such custom.

3. NEW TRIAL—CONFLICTING EVIDENCE.
   A new trial will not be granted on the ground that the verdict for the plaintiff was against the weight of evidence, where the only question was one of settlement, and defendant's only evidence consisted of the testimony of his daughter, the sole witness to the transaction, who swore to a "kind of a settlement," a check containing a recital in full settlement, and

the opinion of experts that the recital was written before it was stamped "Paid" by the bank, while plaintiff's experts testified positively that it was written afterwards.

Error to Mason; McAlvay, J. Submitted April 10, 1902. (Docket No. 51.) Decided May 8, 1902.

*Assumpsit* by Mary E. Blodgett, executrix of the last will and testament of Gilbert H. Blodgett, deceased, against Albert Vogel, for services rendered. From a judgment for plaintiff, defendant brings error. Affirmed.

This is an action of *assumpsit*, brought by plaintiff, as executrix of the estate of Gilbert H. Blodgett, deceased, to recover on an account for legal services rendered by decedent for the defendant. The account is alleged to have covered a period of about five years, commencing in 1894 and ending in May, 1899. Mr. Blodgett died June 21, 1899. The entire account aggregated several hundred dollars, and the books of account, in May, 1899, showed a balance due from the defendant to Mr. Blodgett of $82.05. It is claimed by the defendant that this account was settled and paid in full, and a check was introduced in evidence in support of such claim, which reads as follows:

"LUDINGTON, MICHIGAN, 1899.
"ALBERT VOGEL,
"Manufacturer of Hardwood Lumber.
"Pay to G. H. Blodgett, or order, $75.00, seventy-five dollars; $30.00 in full settlement of McVane lien suit, and $45.00 in full for services to date,—settlement in full.
"A. VOGEL.
"To First National Bank, Ludington, Mich."

The plaintiff attacked the receipt included in the check, claiming that it was not a receipt, but simply a check, given upon a bank by the defendant, for $75. Plaintiff produced testimony tending to show that the writing upon the check, "$30.00 in full settlement of McVane lien suit, and $45.00 in full for services to date,—settlement in full," was inserted after the cancellation stamp of the bank had

been put on it, and after it had been returned by the bank to the defendant as his voucher.   There was a sharp con-flict of testimony,—the witnesses for the plaintiff testifying that the bank's "Paid" stamp was placed upon the check before the above words were written thereon; while the defendant's witnesses were equally positive that the bank's stamp was impressed upon the check after all the writing was done thereon.   The plea was the general issue, with notice of set-off.   The jury rendered verdict for plaintiff.

*Fitch & Reek*, for appellant.

*Henry C. Hutton*, for appellee.

GRANT, J. *(after stating the facts).*   1. The defense offered to show by the defendant that the writing was upon the check at the time of its delivery to Mr. Blodgett. This was excluded by the court, as a matter equally within the knowledge of the deceased, and prohibited by the statute.   3 Comp. Laws, § 10212.   The decision of the court was correct.   This was not an extraneous fact or circumstance, within the rule of *Pillard* v. *Dunn*, 108 Mich. 301 (66 N. W. 45).   In that case a witness had testified that the defendant signed a note in his (the witness') presence, and that of the deceased, at a certain time and place.   It was held that the defendant might contradict this witness by testifying that he was not at that place at that time, and did not sign any note in witness' presence.   The sole question of fact in this case is, When were those words written upon the check?   It is an indorsement not common upon checks.   The burden of proof was upon the defendant, who relied upon the receipt written upon the check.   Its condition, the real issue in this case, was a fact equally within the knowledge of the deceased and within the prohibition of the statute.

2. Defendant offered several checks, issued near the date of the check in controversy, to other parties, to establish a usage on defendant's part to indorse upon checks issued by him the nature of the transactions on account of

130 MICH.—31.

which payments were made.  This was rejected, and we think properly.  There was no evidence to show that such custom on the part of the defendant was known to Mr. Blodgett.  The offer raised collateral issues, which plaintiff could not be prepared to meet.

3. It is urged that the court erred in not granting a new trial on the ground that the verdict was against the weight of the evidence.  We do not think this is a case calling for a reversal of the case upon this ground.  The daughter of the defendant, the sole witness to any settlement, testified to a " kind of a settlement."  All the other testimony was by experts who examined the check,—some testifying positively that, upon a careful examination with glasses, it showed that it was written on after it had been stamped by the bank.  Witnesses for the defendant testified that, in their opinion, the stamp had been placed over the writing.

Judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.  LONG, J., did not sit.