DEARING WATER TUBE BOILER CO. *v.* THOMPSON.

REPLEVIN—PLEADINGS—RECOUPMENT.

Defendant, under plea of the general issue, in an action of replevin for a marine boiler and attachments, the title to which was retained by the vendor, may not recoup unliquidated damages for delay in delivery and deviation from the specifications of contract of purchase.

Error to Charlevoix; Mayne, J. Submitted January 20, 1909. (Docket No. 129.) Decided April 24, 1909.

Replevin by the Dearing Water Tube Boiler Company against Claude Thompson. There was judgment for defendant, and plaintiff brings error. Reversed.

*J. M. Harris,* for appellant.

*Knowles & Converse,* for appellee.

McALVAY, J.  Plaintiff company of Detroit, a Michigan corporation, brought replevin against defendant for a marine boiler, together with attachments, etc., belonging thereto, in the circuit court for Charlevoix county. To the ordinary declaration in replevin filed by plaintiff, defendant pleaded the general issue, without notice of any special defense.  This marine boiler was one which plaintiff had made and furnished for George B. Thompson under a certain writing dated October 2, 1902, for the price of $900, to be paid $450 with the order and the balance September 1, 1903.  This agreement specified the dimensions, quality, strength, and details of the boiler, which was to be delivered f. o. b. within 90 days, loss, damage, detention, or delay on account of fire, strikes, or other occurrences beyond plaintiff's control excepted.  It was stipulated that the title to this property should remain in the company until fully paid for, and in case of default in payment the company was authorized to enter the premises where the boiler was located and remove it without liability "either in tort or contract."  The boiler was not delivered until June 8, 1903, and was not ready for use until June 29, 1903.  The boiler contracted for was "to be of the following approximate dimensions: Width, 56 inches; length, 68 inches, etc."  The boiler delivered was 7 inches wider, and 9½ inches longer, than these measurements.  The first payment was made as agreed.  No other payment has ever been made.  At the time the boiler was received and installed in the boat, the record shows that no complaint was made about the delay nor any objection that the dimensions were larger than provided for in the agreement.  On June 22, 1904, George B. Thompson, who purchased the boiler, wrote plaintiff, in answer to a letter received by him from plaintiff, asking what he intended to do about the boiler, stating that the boiler leaked, and claiming loss on account of delay in delivery.  This was a year after the delivery and installation of the boiler, and appears to be the first time such a claim was made.  Later the title of the boat was trans-

ferred by George B. Thompson to defendant, in whose possession it was found, and from whom, after demand, it was replevied.

In his opening statement of his defense made to the jury and later to the court, before the case was submitted, defendant's attorney, among other claims, said that defendant would claim damages: (*a*) To the boat by cutting to admit the boiler because it was not of the dimensions ordered; (*b*) the rental value of the boat for the time it was idle by reason of delay in delivery; (*c*) expense for wages of crew kept during this delay.  Evidence in support of these claims for damages was offered by defendant, and allowed by the court, subject to the objections and exceptions of the plaintiff, on the ground that it was irrelevant and incompetent and not admissible under the pleadings, and could not be claimed by defendant, who was not a privy to the contract, and who had not shown himself entitled, as assignee of his grantor, to make such claims if any existed.  Taking the view of the case indicated by the allowance of the evidence above referred to, the court charged the jury, and a verdict of no cause of action was returned against the plaintiff, upon which a judgment was entered.  The case is here for review upon writ of error.

The principal question presented relates to the admission of evidence tending to show the damages as above stated. These claims for damages which the court permitted the defendant to prove were all damages claimed to have been suffered by defendant's grantor on account of default on the part of plaintiff in the performance of its agreement to furnish this boiler of certain dimensions and within a certain time.  Defendant did not claim that the purchase price had been fully paid, or that the title had ever actually passed, but insisted that plaintiff was not entitled to possession of the property because the damages claimed were greater than any balance due on the purchase price. Without reference to the question whether such defense could be admitted under the general issue in replevin without notice, we consider the more serious question to be whether such a defense would be available at all in

such a case. This defense does not dispute the default in payment, the plaintiff's title under a valid contract, the demand, or the detention of the property. The theory of defendant must be that a jury would find these several damages to amount to more than the balance unpaid on the contract, for if the damages found should be less than this amount no claim could be made that defendant could recover.

The law being well settled in this State, sustained by the great weight of the authorities, that in actions of replevin set-offs cannot be pleaded or allowed (*Pinch* v. *Willard*, 108 Mich. 204, and cases cited; 2 Wells on Replevin [2d Ed.], § 630; Cobbey on Replevin [2d Ed.], § 791 et seq.), defendant could only insist on these damages by way of recoupment. Defendant urges that under certain decisions of this court such a defense may be interposed in replevin under the plea of the general issue, citing *Clark* v. *West*, 23 Mich. 242; *Belden* v. *Laing*, 8 Mich. 500; *Singer Manfg. Co.* v. *Benjamin*, 55 Mich. 330; *Breitenwischer* v. *Clough*, 116 Mich. 340. Relative to these cases, it is only necessary to say that the question now under discussion, whether unliquidated damages arising out of the same transaction may be recouped in replevin, was not before the court. In several States by statute counterclaim may be pleaded as a defense in replevin suits. We have examined all the available cases and find none sustaining defendant's contention. The headnotes of a few cases indicating such holdings are not confirmed by the opinions of the courts. For example: In *Macky* v. *Dillinger*, 73 Pa. 85, defendant claimed a charge against the property, and, as the value of the property was to be allowed to plaintiff in damages, the charge was allowed to reduce the damages by way of recoupment. In *Babb* v. *Talcott*, 47 Mo. 343, plaintiff replevied some wheat from defendant, who justified the detention on account of lien for warehouse charges. Plaintiff was allowed to recoup damages for negligent loss and destruction of wheat in extinguishment of defendant's lien.

We do not find that this exact proposition has ever been before this court.   In *Thirlby* v. *Rainbow*, 93 Mich. 164, plaintiff, the vendor of certain machinery, retained title until full payment of the purchase price.   The vendee mortgaged the property, and defendant, a purchaser under a mortgage foreclosure, claimed an interest in the property to the amount paid by the vendee and to be entitled to a verdict for that amount in a replevin suit by the vendor claiming title under the contract of conditional sale.   This court held that such issue could not be tried in the replevin case.   The contract in that case was similar to the one in the case at bar.   These conditional sales where title is retained are contracts of bailment.   No title passes to the vendee.   The vendor is entitled to possession in case of default.   The suit in replevin to establish such possession is not a suit upon the contract for damages, but is based upon its wrongful detention.   In the case at bar the equities of defendant are no stronger than in *Thirlby* v. *Rainbow*, supra, and the reasoning in that case will apply with greater force to this case.   The allowance of such defenses would inject into the trial a distinct and foreign issue and would not determine the right in plaintiff to possession of the property in dispute, which is the only question to be tried.   It would also establish the doctrine that recoupment may be pleaded in actions of replevin.   We think such a holding would surprise the profession, and could not be maintained upon reason or authority.

This conclusion disposes of the case.   Other questions raised need not be considered.   Any rights or liabilities between these parties, claimed by defendant, must be determined in other proceedings.   The court was in error in admitting the evidence objected to.

The judgment of the circuit court is reversed, and a new trial ordered.

BLAIR, C. J., and GRANT, MONTGOMERY, and MOORE, JJ., concurred.