J. F. STOKES, *Plaintiff in Error,* v. J. L. HUMPHRIES, *Defendant in Error.*

Opinion Filed April 20, 1915.

1. The purchaser cannot in general legally claim title as against the provisions of his purchase money note stating the title to the property remains in the seller, unless he shows payment or other matter sufficient to extinguish the title of the purchaser or to transfer title to himself.

2. In an action of replevin, a plea of not guilty puts in issue, not only the right of the plaintiff to the possession of the property replevied, but also the wrongful taking and detention thereof. Under such plea the defendant can give any evidence of a special matter which amounts to a defense to the plaintiff's cause of action to show that the plaintiff is not entitled to the possession of the property replevied.

3. One who executes a retain title note for the purchase price of property is in an action of replevin bound by the terms and legal consequences of the note.

4. In an action of replevin a judgment for the plaintiff for the recovery of several mules or their value should state the value of each mule separately.

Writ of error to Circuit Court for Madison County; M. F. Horne, Judge.

Judgment reversed.

*J. R. Kelly,* for Plaintiff in Error.

*J. W. McKinnon,* for Defendant in Error.

WHITFIELD, J.—In an action of replevin for the detention of one mare mule valued at $150.00 and one horse mule valued at $150.00, the plaintiff introduced a retain

title note for $150.00 "being the purchase price" of the said two mules, and testified that no payments had been made on the note, and that the value of the mare mule was $225.00, and the value of the horse mule was $75.00.

The verdict for the plaintiff fixed the value of the mare mule at $225.00, and the value of the horse mule at $75.00. The judgment awarded the two mules to the plaintiff, and also adjudged that the defendant and the sureties on his forthcoming bond do pay the plaintiff $225.00 "as the value of said property." A writ of error was taken by the defendant Stokes.

The Statute authorizes a judgment for the property against the defendant, and also a judgment for the value thereof against the defendant and the sureties on his forthcoming bond, such judgment to be satisfied by the recovery of the property, or of the amount adjudged against the defendant and his sureties. Sec. 2188 Gen. Stats. of 1906.

It is contended that as the retain title note was signed only by the purchaser he could not reverse a title in the seller. In this case the contest is between the original parties to the transaction, and the purchaser's note in effect acknowledges that the title to the mules remained in the seller until full payment made. See retain title notes in Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 South. Rep. 597; Williams v. Hampton, 57 Fla. 272, 49 South. Rep. 506; Mizell Live Stock Co. v. J. J. McCaskill Co. 59 Fla. 322, 51 South. Rep. 547; Johnson v. Cutter Music House, 55 Fla. 385, 46 South. Rep. 1; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392; Covington v. Clemmons, 61 Fla. 151, 55 South. Rep. 81. The purchaser in an action of replevin against him cannot in general legally claim title as against the provisions of his purchase money note

stating the title to the property remains in the seller, unless he shows payment or other matter sufficient to extinguish the title of the purchaser or to transfer title to himself. The statutory attributes of the action of replevin do not permit a recoupment of the character proposed in this case on the showing made, at least in the absence of some equitable procedure.     See Dearing Water Tube Boiler Co. v. Thompson, 156 Mich. 365, 120 N. W. Rep. 801, 24 L. R. A. (N. S.) 748.

.The court excluded evidence "that there had been a payment by defendant to plaintiff of the value of the mules    * in that two horses were traded and delivered to plaintiff by defendant for the said mules at the time of making the contract that were equal value to said mules, and that the amount of the note represents the difference that defendant was to pay plaintiff in trade for said mules, and also breach of warranty of the mules aforesaid, and failure of consideration."

In an action of replevin, a plea of not guilty puts in issue, not only the right of the plaintiff to the possession of the property replevied, but also the wrongful taking and detention thereof.     Under such plea the defendant can give any evidence of a special matter which amounts to a defense to the plaintiff's cause of action to show that the plaintiff is not entitled to the possession of the properety replevied.     Richbourg v. Rose, 53 Fla. 173, 44 South. Rep. 69.

The proffered testimony as to payment was coupled with an explanation that the asserted payment consisted of two horses traded in part payment for the mules and in asserted breach of warranty and failure of consideration.     Neither a breach of warranty nor a failure of consideration can operate *per se* to extinguish the title of

the plaintiff or to transfer the title of the mules to the defendant; and as there was no unqualified offer to prove payment, the proffer of testimony as made was properly excluded. The plaintiff having executed the retain title note is in this proceeding bound by its terms and legal consequences in the absence of fraud or overreaching. No equitable relief is sought here. This case illustrates the need of legislation regulating replevin proceedure where forfeiture of large payments are involved.

The statute provides that "In any proceeding to ascertain the value of the goods, so that judgment for each value may be entered, the value of each article shall be found, except it shall not be necessary to ascertain the value of each article of a lot of goods, wares and merchandise where the same have been replevined, but it shall be sufficient to ascertain the total value of the entire lot found for the plaintiff or defendant, as the case may be." Sec. 2188 Gen Stats. of 1906.

This provision of the statute contemplates that except in case of "a lot of goods, wares and merchandise," "the value of each article shall be found," "so that judgment for such value may be entered," separately as to each article of property adjudicated in the proceeding. See 18 Ency. Pl. & Pr., 602.

As the judgment does not adjudicate the value of each mule separately, it is erroneous in this particular; and as there is error in the verdict in that it finds the value of one mule to be $225.00 when it is alleged to be $150.00, the judgment is reversed and the cause remanded for a new trial.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.