CONTINENTAL ASSURANCE CO. *v.* FRIEDMAN.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
    —INSURANCE—MEDICAL EXAMINERS—HUSBAND—BENEFICIARIES.

Under statute barring testimony as to matters equally within the knowledge of a deceased person, the testimony of the medical examiner of an applicant for life insurance as to what applicant said or failed to say at examination as to hospitalizations previously had was incompetent on trial in suit to cancel policy after death of insured and such bar was not raised by testimony as to what was said, given by insured's husband who was not the beneficiary (3 Comp. Laws 1929, § 14219).

2. SAME—MEDICAL EXAMINATION OF DECEASED INSURED—COMPETENT
    TESTIMONY OF EXAMINER.

Testimony of medical examiner of insurer that insured's husband was not present at medical examination of insured, now deceased, and as to time such examination was made *held,* competent, overruling *In re Einfeldt's Estate,* 286 Mich. 537 (3 Comp. Laws 1929, § 14219).

3. INSURANCE—MEDICAL EXAMINATION—INFORMATION AS TO HOS-
    PITALIZATION—CANCELLATION OF POLICY.

An insurer is entitled to information relative to hospitalization of an applicant for life insurance and failure of applicant to state the fact of hospitalization and treatment where application called for it is equivalent to a denial thereof and entitles insurer to cancellation of policy.

Appeal from Wayne; Moll (Lester S.), J. Submitted April 14, 1939. (Docket No. 63, Calendar No. 40,365.) Decided July 6, 1939. Rehearing denied September 6, 1939.

Bill by Continental Assurance Company, an Illinois corporation, against Fred Friedman, guardian

of the estate of Jerome B. Friedman, a minor, to set aside and cancel an insurance policy, for an injunction and other relief. Decree for plaintiff. Defendant appeals. Affirmed.

*Walters & Head* (*Nathan R. Berke,* of counsel), for plaintiff.

*Louis Smilansky,* for defendant.

WIEST, J.   This is an appeal by the beneficiary in a life insurance policy, issued by plaintiff company, from a decree cancelling the policy on the ground that the insured, in the application for the policy, concealed the fact that on several occasions she had had hospitalization and medical treatment. The application for the policy was dated April 25, 1935. The policy was issued on May 7, 1935. The insured died June 2, 1936, the cause of death being "cerebellor tumor," "hypostatic pneumonia," contributory.

At the hearing it was stipulated:

"That the insured, Eva Friedman, was examined by and under observation of, and consulted with the following physicians, while she was a patient in the University of Michigan Hospital in the city of Ann Arbor, Michigan; Dr. John D. Littig, Dr. Dean Echols, Dr. King, Dr. Burton Barney, Dr. Carl D. Camp, Dr. Harley Haynes, Jr., Dr. Don Marshall, Dr. W. J. Stellwagen.

"It is further stipulated and agreed that said Eva Friedman was a patient in said hospital from September 1, 1933, to September 3, 1933, and was again a patient in said hospital from October 23, 1934, to October 31, 1934, and was a patient in said hospital on November 3, 1934, and remained there until November 4, 1934.

"It is further stipulated and agreed that said Dr. Dean Echols, Dr. King and Dr. Burton Barney prescribed for and gave treatment to the said Eva Friedman while she was a patient in said hospital."

In the application there was the following question:

"Have you ever had observation or treatment in any hospital or institution?"

None of the mentioned hospitalizations or treatments was stated in the answers to this question. The answers stated some ailments treated, with recovery therefrom, but contained no information of the mentioned hospitalization and treatments. A copy of the application was attached to the policy issued to the insured, as required by 3 Comp. Laws 1929, § 12427 (Stat. Ann. § 24.263).

In behalf of the beneficiary it is contended that the handwriting of the answers to the mentioned question was illegible and, therefore, the insured was not afforded opportunity to examine the answers she had given and note the omission, if any.

The writing is sufficiently legible to disclose to a normal eye that none of the hospitalization, now admitted, was mentioned.

The husband of the insured testified that he was present at the noon hour when the medical examiner asked the question and that the insured informed the examiner of the hospitalization.

The testimony of the medical examiner as to what the insured said or failed to say was incompetent because equally within the knowledge of the deceased, 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914), and the bar was not raised by the testimony of the husband who was not the beneficiary.

The testimony of the medical examiner that the husband of the insured was not present, and the examination was not at the noon hour but in the evening about 7 o'clock, as minuted by him the very next day in completing his report and before any dispute, was competent. *Webster* v. *Sibley,* 72 Mich. 630, *Pillard* v. *Dunn,* 108 Mich. 301. A contrary holding

appears in *Re Einfeldt's Estate,* 286 Mich. 537, but an application for rehearing on that point was granted and the case was discontinued before the rehearing was had. The holding in that case on this point is now overruled.

The insurer was entitled to the information relative to hospitalization. *New York Life Ins. Co.* v. *Bahadurian,* 252 Mich. 491. See, also, *Bellestri-Fontana* v. *New York Life Ins. Co.,* 234 Mich. 424, where we said:

"The insurer had a right to know that he had consulted a physician, the application called for such knowledge, and if it had been imparted the insurer could have made investigation."

In answering the question, the failure to state the fact of hospitalization and treatment was equivalent, in the eye of the law, to a denial thereof.

The court cancelled the policy, ordered return of the premium paid, and permanently stayed prosecution of an action at law then pending upon the policy.

The decree in the circuit court is affirmed, with costs to plaintiff.

SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred with WIEST, J.

NORTH, J. I am constrained to concur with Mr. Justice WIEST in overruling our recent decision in *Re Einfeldt's Estate,* 286 Mich. 537, but not without brief comment. In general terms it may be said the statute (3 Comp. Laws 1929, § 14219 [Stat. Ann. § 27.914]) was designed to bar the opposite party in a suit prosecuted or defended by the heirs, et cetera, of a deceased person from testifying "at all to matters which, if true must have been equally within the knowledge of such deceased person." As my Brother has stated in the instant case:

"The testimony of the medical examiner (plaintiff's agent) as to what the insured said or failed to say was incompetent because equally within the knowledge of the deceased."

There appears to be no reason for questioning this holding; but by the same token why should this agent of plaintiff be permitted to testify that the insured's husband was or was not present at the time and place the witness examined the insured, which was in the dining room of her own home? Surely this fact or circumstance, "if true must have been equally within the knowledge of such deceased (insured) person." In such event the statute clearly would seem to bar the testimony of plaintiff's agent.

Were the question new in this jurisdiction, I would feel bound to adhere to our ruling in the *Einfeldt Estate* decision, *supra;* but present review discloses numerous earlier decisions of this court which are in accord with my Brother's holding in the instant case. See *Webster* v. *Sibley,* 72 Mich. 630; *Pillard* v. *Dunn,* 108 Mich. 301; *Schmitz* v. *Beals,* 115 Mich. 112; *Moore* v. *Machen,* 124 Mich. 216; and *Rock* v. *Gannon Grocery Co.,* 246 Mich. 545.

Since the issue is, after all, the construction of a statute which fixes a rule of evidence, it may be the better part of judgment to adhere to the rather permanently determined construction of the statute as announced in our earlier decisions over a period of more than 40 years. For that reason, but somewhat reluctantly, I concur.

BUTZEL, C. J., and BUSHNELL, J., concurred with NORTH, J.