STANDARD-TOCH CHEMICALS, INC., *v.* VICTOR PAINT CO.

1. COURTS—SET-OFF—RECOUPMENT—JUSTICES OF THE PEACE—COMMON PLEAS COURT.

The law of set-off and recoupment in justice courts governs in the common pleas court (CL 1948, § 669.11; PA 1915, No 314, ch 69, § 17a, as added by PA 1959, No 249).

2. REPLEVIN—POSSESSION—SET-OFF—RECOUPMENT.

The only issue in a replevin action is right of possession and claims by way of set-off or recoupment are not permissible defenses to the action.

3. JUSTICES OF THE PEACE—SET-OFF.

Set-off can only be allowed in actions in justice court founded on demands which could themselves be the subject of set-off according to law (CL 1948, § 669.11).

4. SAME—REMOVAL OF CAUSE TO CIRCUIT COURT—SET-OFF—RECOUPMENT.

The statute permitting removal of a cause from the justice court to the circuit court where a claim by way of set-off or recoupment exceeds the monetary jurisdiction of the justice court only permits such removal where the set-off and recoupment would otherwise be permissible (PA 1915, No 314, ch 69, § 17a, as added by PA 1959, No 249).

5. SAME—REMOVAL OF CAUSE TO CIRCUIT COURT—STATUTES.

There is no inherent power in the common pleas court to transfer a case to circuit court, such power being derived only from statute (PA 1915, No 314, ch 69, § 17a, as added by PA 1959, No 249).

6. REPLEVIN—COMMON PLEAS COURT—SET-OFF—REMOVAL OF CAUSE TO CIRCUIT COURT.

Order of circuit court affirming order of common pleas court dismissing motion by defendant to remove cause to circuit court, based on claim of set-off in excess of monetary jurisdiction of the common pleas court, *held*, proper, where the defense of set-

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 6]  46 Am Jur, Replevin § 62.
Set-off, counterclaim, and recoupment in replevin or other action for possession of personal property.  151 ALR 519.
[3]  31 Am Jur, Justices of the Peace § 102.

off was not interposable in plaintiff's action of replevin (CL
1948, § 669.11; PA 1915, No 314, ch 69, § 17a, as added by PA
1959, No 249).

Appeal from Wayne; Moynihan, Jr. (Joseph A.),
J. Submitted January 5, 1962. (Docket No. 42,
Calendar No. 49,169.) Decided September 10, 1962.

Replevin in Detroit common pleas court by Stand-
ard-Toch Chemicals, Inc., a foreign corporation,
against Victor Paint Co. Eastgate Corp., a Michigan
corporation, for possession of a paint-mixing ma-
chine. Defendant, claiming set-off and recoupment,
sought removal of case to circuit court. Motion dis-
missed. Defendant appeals. Affirmed.

*Lewis & Watkins,* for plaintiff.

*Grossman, Hyman & Grossman,* for defendant.

OTIS M. SMITH, J. This is an appeal from an order
of the Wayne circuit court affirming an order of the
common pleas court of Detroit which dismissed ap-
pellant's motion to remove a cause from common
pleas court to circuit court. Appellee, a foreign cor-
poration, by its attorneys, filed a declaration in re-
plevin claiming illegal detention by appellant of a
certain paint-mixing machine. In answer to the
replevin suit, appellant denied that appellee had a
right to return of the machine because of a separate
understanding between the parties outside of the
lease agreement. Appellant also filed set-off and re-
coupment in the amount of $5,125 based on an allega-
tion of damages resulting from unfit, unusable and
unmerchantable paint, which appellee had furnished
appellant for use in connection with the paint-mixing
machine. The monetary jurisdiction of common
pleas court is $3,000. Appellant also filed an affidavit

for removal of proceedings to circuit court under PA 1915, No 314, ch 69, § 17a, as added by PA 1959, No 249 (CL 1948, § 669.17a [Stat Ann 1959 Cum Supp § 27.3244(1)]).

The statute in question reads as follows:

"If a defendant claims an amount by way of set-off or recoupment which exceeds the monetary jurisdiction of the court, and accompanies the notice of the claim with an affidavit stating that the claim asserted is in his belief justly due and owing him, the plea and notice of set-off or recoupment shall be recorded and the proceedings removed to the circuit court to which appeal of the cause would ordinarily lie. The justice shall forward to the circuit court the original or attested copies of all papers in the action and cause the action to be filed therein. Thereafter no proceedings shall be had before the justice, and the action shall be prosecuted in the circuit court. No removal shall occur under this section until the defendant pays the plaintiff's costs legally incurred up to that time, together with an entry fee of $6, which entry fee the justice shall pay to the clerk of the circuit court at the time the papers are filed in the circuit court."

Appellant delivered to the plaintiff the costs incurred by appellee up to that time. At the hearing on the motion to remove the proceedings to circuit court, the common pleas judge entered an order denying said motion. He took note of the statute under which removal was sought and held that appellant's claim of set-off and recoupment could not be asserted since neither set-off nor recoupment constitutes a defense to a replevin suit in the common pleas court.

The essential question at issue involves construction of the statute above cited. This statute is a 1959 amendment to the law of set-off and recoupment in justice courts, which law governs in the common pleas court. Set-off and recoupment in justice courts

are treated in the following statutes, CL 1948, §§ 669-.11–669.17, and CL 1948, § 669.17a, as added by PA 1959, No 249 (Stat Ann and Stat Ann 1959 Cum Supp §§ 27.3238–27.3244[1]). CL 1948, § 669.11 (Stat Ann § 27.3238), reads in part as follows:

"In the following cases, and under the following circumstances, a defendant may set off demands which he has against the plaintiff: * * *

"4. It can be allowed only in actions founded on demands which could themselves be the subject of set-off according to law."

Obviously, this limitation on the right to set-off should be read in conjunction with the transfer statute above cited and upon which appellant sought to remove proceedings to the circuit court. We have consistently held that the only issue in a replevin action is right of possession and that claims by way of set-off or recoupment are not permissible defenses to the action. *Dearing Water Tube Boiler Co.* v. *Thompson,* 156 Mich 365 (24 LRA NS 748); *Rubin* v. *Gallagher,* 294 Mich 124; *Multiplex Concrete Machinery Co.* v. *Saxer,* 310 Mich 243. It is clear, therefore, that set-off can only be allowed in actions in justice court founded on demands which could themselves be the subject of set-off according to law. The cases are clear that replevin is not such an action in which set-off can be had according to law.

Appellant argues, however, that the statute relied upon permits a party absolutely to remove to circuit court in a case in which set-off and recoupment alleged are in excess of the monetary jurisdiction of the justice court. No such broad construction can be read into the statute under which appellant proceeds. The statute was obviously intended to permit removal to circuit court those cases in justice court, wherein set-off and recoupment would otherwise be permissible, but when the amount claimed is in excess of the monetary jurisdiction of the justice court.

Appellant relies upon the *Multiplex Case* already cited. In *Multiplex,* the action in replevin was begun in circuit court and certain defenses were raised by way of set-off and recoupment. Therein, the question was whether or not the matter could be transferred from the law side of circuit court to the chancery side. We held that in order to prevent a multiplicity of suits and to grant complete relief the transfer would be permitted.

Several distinctions between *Multiplex* and the instant case clearly appear. The first is that in the present proceedings removal from the court of common pleas to circuit court is sought under a statute which sets forth the conditions under which a transfer is allowable. The right to transfer is limited and we have so indicated. Further, there is no inherent power in the common pleas court to transfer a case to circuit court, such power being derived only from the statute. Nor can it be said that the common pleas court has the power to transfer a case to the chancery side of circuit court absent a statutory provision so empowering it. This is not to say that the circuit court sitting in chancery may not, when its jurisdiction is properly invoked, take cognizance of a proper case. Herein, we have merely inquired as to the right to transfer a cause under the set-off and recoupment law pertaining to justice courts when the monetary jurisdiction exceeds that court. This right is limited to actions founded on demands which could themselves be the subject of set-off according to law. For the reasons set forth above, we conclude that the circuit court order affirming the common pleas court order dismissing appellant's motion to remove the cause to circuit court should be affirmed.

Affirmed, with costs to appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and ADAMS, JJ., concurred.