HERSEY, Judge.
Appellee, Barbaro, filed a verified replev-in complaint seeking recovery of certain tangible personal property, compensatory damages and punitive damages. The writ of replevin issued and appellant, Roche, posted a forthcoming bond in the amount of $2,500.00. The matter went to final hearing before the court without a jury and, on January 30, 1979, final judgment was entered, the pertinent portion of which, for purposes of this appeal, is as follows:
That Judgment be and the same is hereby rendered for the Plaintiff, JOAN BAR-BARO, and against the Defendant, DALE ROCHE, in the principal sum of $2,598.00, plus Court costs in the sum of $165.00, for a total of $2,763.60.
Appellant’s appeal from the final judgment is based upon the failure of the trial court in the final judgment to separately find the value of each item of tangible personal property.
By virtue of the forthcoming bond posted by appellant, the items of tangible personal property in controversy remain in her possession. Accordingly, the final judgment in favor of plaintiff appellee is necessarily controlled by Section 78.19, Florida Statutes (1977). That section provides:
*1335 78.19 Judgment for plaintiff when goods retained by or redelivered to defendant.—
(1) If it appears that the property was retained by, or redelivered to, defendant on his forthcoming bond, plaintiff shall take judgment for the property and against defendant and the surety on the forthcoming bond for the value of the property, but when plaintiff’s interest in the property is based on a claim of lien or some special interest therein, the judgment shall be only for the amount of the' lien or the value of such special interest and costs, and the judgment shall be satisfied by the recovery of the property or the amount adjudged against defendant and his surety.
(2) After rendition of judgment, plaintiff at his option may have a writ of possession for the property and execution for his costs or have execution against defendant and his surety for the amount recovered and costs. If he elects to have a writ of possession for the property and the officer returns that he is unable to find it or any of it, plaintiff may immediately have execution against defendant and his surety for the whole amount recovered against them or for the amount recovered less the value of the property found by the officer. If he has execution for the whole amount, the officer shall release all property taken under the writ of possession.
(3) In any proceeding to ascertain the value of the property so that judgment for the value may be entered, the value of each article shall be found but it is not necessary to ascertain the value of each article of a lot of goods, wares and merchandise when it has been replevied, but it is sufficient to ascertain the total value of the entire lot found.
An early case, Stokes v. Humphries, 69 Fla. 468, 68 So. 448 (1915), interpreting the predecessor to the statute, held that:
This provision of the statute contemplates that, except in case of “a lot of goods, wares and merchandise,” “the value of each article shall be found,” “so that judgment for such value may be entered” separately as to each article of property adjudicated in the proceeding.
The final judgment must therefore contain a listing of the separate values of each item of tangible personal property involved, unless the court finds that the items constitute “a lot of goods, wares and merchandise.”
In addition, the final judgment is required by the statute to be in the alternative. The judgment should award to plaintiff appellee the property which has been wrongfully detained and, in addition, should award an amount equal to the value of the property wrongfully detained. The plaintiff appellee then has the option of taking the property or that increment of the damages award representing the value of the property.
We note that the judgment awards a principal sum to appellee, without any indication as to whether that sum represents the value of the items of tangible personal property, or damages for the wrongful retention, or a combination of both. The judgment is deficient in that respect and, on remand, the trial court should specify to what extent the sum to be recovered represents value and to what extent damages for the retention.
For the foregoing reasons, we reverse and remand this cause to the trial court for further proceedings consistent with our holding.
REVERSED AND REMANDED.
MOORE and GLICKSTEIN, JJ., concur.