## RUTH ABBOTT *vs.* HEZEKIAH HUTCHINS, JR.

Where a hired servant has possession of the chattels of his master, and while thus in his possession they are attached as the property of the servant, his declarations that the chattels were his own are inadmissible in evidence, in determining whose property were the chattels, between the master and the attaching officer.

REPLEVIN for sixteen bushels of clover seed. The defendant, as a deputy sheriff, justified the taking by virtue of a writ against one *Moody E. Abbott*, whose property he alleged the clover seed to be. The plaintiff carried on the farm of her late husband by consent of all the heirs, for her own benefit, and the grass seed was raised upon the farm. *Moody E. Abbott* was the son of the plaintiff, and lived with her as her hired man. For the purpose of showing, that the grass·seed was the property of said *M. E. Abbott*, the defendant proved, that the said *Moody* set out with the grass seed for *Portland* to market the same, and that it was attached by the defendant on the way ; and offered to prove, that on the same day, *M. E. Abbott* tried to get a receipter for the seed, as his property, and said it was his seed, and he wanted to carry it to *Portland* ; also, that the said *Moody* tried to get a man to help him get out the seed, and promised that he would pay him, and in several instances had said, that the clover seed was his. The defendant also offered to prove, that before the attachment, *M. E. Abbott* applied to the witness to take a bill of sale of this grass seed, to prevent its being attached, as his property. *M. E. Abbott* was then present in Court. *Emery J.*, who tried the action, rejected all the proposed evidence, as merely hearsay. The defendant excepted to the ruling of the Judge.

*Fessenden & Deblois,* for the tenant, argued, that the declarations of the debtor, in the actual possession of the property, were admissible in evidence, as part of the *res gesta;* and that the proposed evidence was proper, as proof of facts and intentions, and certainly as acts of ownership over the property by having it in his possession, as his own, and treating it as his. They cited, as directly in point, *Pool* v. *Bridges,* 4 *Pick.* 378. They also cited 2 *Greenl.* 242; 8 *Greenl.* 194; 10 *Johns. R.* 291; 1 *Stark. Ev.* 46; 5 *Greenl.* 266; 1 *Esp. R.* 337; 1 *Ld. Raym.* 530; 14 *Mass. R.* 248.

*S. Emery,* for the plaintiff, contended, that the acts themselves, if proved in the proper manner, would not be admissible in evidence; and that if they were admissible, the mode of proof proposed was objectionable and illegal. *M. E. Wood* was present in Court, and should have been called. Declarations can only be evidence, as part of the *res gesta,* when they are competent, pertinent, and material to the issue on trial. In this case they were neither.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — It appears that the farm upon which the clover seed in question was raised, was in the occupation of the plaintiff; and that she employed *Moses E. Abbott,* her son, in the capacity of a hired man. Being then the produce of her farm, by the labor of her man, it was clearly her property. If she was guilty of no fraud or collusion, of which not the slightest evidence is reported, her rights ought not to be affected by the acts, much less by the declarations of her hired man.

He was employed in the service of the plaintiff, and had acts to perform, in harvesting the produce of her farm, and in carrying it to market. If his declarations, while engaged in this business, that the produce was his, is evidence against her, she may lose it altogether by the claim of a third person, however unauthorized. A clerk in a store, or any other person, having the charge or oversight of another's property, may, upon the same principle, bring the title of the owner into jeopardy, by declaring the property his. And if the assurance with which it is made, and the frequency of its repetition, should at length command belief, the interest of the owner

may be defeated, without any fault whatever on his part. Such cannot be the law. The rights of a party are not to be affected, either by the acts or declarations of a third person.

There are certain cases, in which the intention of a party giving a character to his acts, may become the object of inquiry, where his declarations made at the time, are received as evidence of that intention. As, for instance, that a bankrupt absented himself from home to avoid his creditors. *Bateman* v. *Bailey*, 5 *T. R.* 512. Of the same character may be the declarations of a pauper, as to his motives for passing from one place to another. *Gorham* v. *Canton*, 5 *Greenl.* 266. So where a party is in possession of land, and a question arises as to the character of that possession, whether he claims it as his own, or holds it in subordination to the title of others, his declarations upon this point are admissible. And this depends upon the peculiar tenure of this species of property, in which a title may commence by disseisin, which by lapse of time may become indefeasible.

But the intentions of *Moses E. Abbott*, in carrying the plaintiff's clover seed to market, whatever they might have been, or whether avowed or not, had no tendency to impair her title. It was his duty to return the proceeds to his mother, and she would not be the less entitled to it, because it may have been his declared intention to pay his debts, or his taxes, with it, or otherwise to appropriate the money, which might be received for the seed, to his own use.

In *Pool* v. *Bridges*, 4 *Pick.* 368, the bailee, with whom the plaintiff proved he had deposited a quantity of wool, upon the owner's inquiry, stated what was his, and pointed it out to him, while in the process of being manufactured. It being in the course of business, in respect to property about which there was then no dispute, and *against the interest* of the party making the declaration, the evidence was received. Here the declaration offered, was an assertion of interest in the declarant.

Had it been originally his property, and the plaintiff had obtained title under a sale from him, his acts and declarations might have been evidence to show the sale collusive. *Bridge* v. *Eggleston*, 14 *Mass. R.* 245. But the case before us is of an entirely

different character; and in our opinion, the testimony offered by the defendant at the trial, was properly rejected.

*Judgment on the verdict.*