# JANUARY TERM 1883.

(CONTINUED FROM VOL. 49.)

———◆———

JOSEPH E. VAN FLEET v. JOHN M. VAN FLEET, ADMINIS-
TRATOR OF THE ESTATE OF HUGH H. VAN FLEET.

[See 49 Mich., 610.]

\
*Contract, express or implied—Claim for services against estate—Decedent's
declarations.*

One cannot recover as upon an implied contract where the facts show
an express contract. But if while relying upon an express agree-
ment, he also claims that if that should not be shown the facts will
imply an understanding and that he will rely on that, he may recover
on whichever contract is made out.

Where a claim for services is made against an estate and the claimant
proves that the intestate has made declarations tending to show that
he expected to pay for the services, the defense cannot be allowed to
show that he has made declarations of a different character.

Declarations of a decedent cannot be shown in resisting a claim against
his estate if they are in favor of the party who made them and
adverse to the other.

Error to St. Joseph. (Shipman, J.) Jan. 4.—Jan. 17.

APPEAL from allowance of claim against estate. The
administrator brings error. Affirmed.

*H. H. Riley* and *Dallas Boudeman* for appellant. A
party's declarations may be shown against his own interest:
*Vanneter v. Crossman* 42 Mich. 465.

*Charles Upson* for appellee. One's conduct, admissions
and declarations in his own interest are no more privileged

50 MICH.—1

as evidence for his estate after his death than for himself while living ; and if the adverse party had not been present, or in any way consenting thereto, are inadmissible in defense to a suit brought by him against the estate : *Ward v. Ward* 37 Mich. 253 ; the statements of a person since deceased can no more be made evidence on behalf of his representatives than they could have been in his own behalf if living : *Jones v. Tyler* 6 Mich. 364 ; *Wilson v. Wilson* 6 Mich. 9.

Cooley, J.   This case involves a claim against the estate of Hugh H. Van Fleet, of which the respondent is administrator.   The claimant and respondent are sons of the intestate.   The claim is for the value of work and labor performed for the intestate, and mainly on a farm known as the Phœnix farm, after the claimant was of full age.   The performance of the labor is not disputed, but it is claimed for the estate that it was done on an understanding that the Phœnix farm was to be taken in payment when the father was done with it.   The claimant's evidence tended to show that the father, when he purchased the Phœnix farm, told the claimant if he would work and help him pay for it, he should have the farm when paid for, and in any event should have pay for his labor ; that he did work as requested, but the farm was never paid for and at the father's death was encumbered for its full value.   The respondent gave evidence tending to show that the understanding was the labor was to be paid for in the land and not otherwise. The jury found for the claimant.

Of the many errors assigned, a few only demand attention.   The respondent insisted that if the evidence showed an express contract between the parties there could be no recovery for the labor on an implied contract.   *Galloway v. Holmes* 1 Doug. (Mich.) 330 ; *Peters v. Gallagher* 37 Mich. 407.   The principle is plain enough, but it has no application here.   The plaintiff relied upon an express understanding that he should be paid for his services whether he received the land or not; and he also claimed that, if the evidence failed to show an express agreement to that effect,

it showed facts from which such an understanding must be implied. If the jury was with him on the first branch of the case, he would recover on the express contract; if on the second branch of the case, he would recover on the contract implied by the circumstances, no express contract being made out. But the claimant did not pretend that a contract could be implied for services which were covered by an express contract, and the instructions to the jury conceded that if an express contract was made out, the case must be governed by it.

As a part of his case the claimant proved declarations of the intestate tending to show that he expected to pay for the claimant's services. The defense then offered to show declarations of the intestate of a different character, made near the same time; but the offer was overruled. In support of the offer cases were referred to which have held declarations of a party that he had made his will, or that he had destroyed his will, admissible under some circumstances. But those were cases in which the declarations when made were not adverse to the interests of any one. Those which were offered in this case were declarations in favor of the party making them and adverse to the interest of another. No plausible argument can be made in support of the offer to prove them.

No other question in the case seems to us to require notice. The principal question in the case was one of fact, and it was fairly submitted to the jury.

The judgment must be affirmed with costs.

The other Justices concurred.