## HOLLIS JACOBS v. JOHN CALLAGHAN.

*Action for rent—Occupancy of strangers—Statements of occupant in evidence.*

| 57 | 11 |
|-----|-----|
| 117 | 420 |

1. In an action for the rent of a saloon defendant sought to show that during the period sued for, the premises were occupied by another person. *Held* admissible to introduce the statement of such person to strangers that the saloon was not his but he was running it for defendant. Such statements would be relevant to the question whether the occupant was holding in his own right, but they could not bind defendant as admissions that he himself was in possession.

2. What may be proved may be disproved.

3. Adverse possession and its character may be shown by the claims and assertions of occupants, and if these are made in the ordinary course of possession and not during litigation, they are admissible as explanatory and for what they are worth.

4. It is presumed in support of a judgment that everything was shown that was necessary to sustain it.

Error to Wayne. (Chambers, J.) May 1.—May 13.

ASSUMPSIT. Defendant brings error. Affirmed.

*Blodget & Patchin* for appellant.

*Geo. H. Prentis* for appellee.

CAMPBELL, J.   This was an action for use and occupation of a building in Detroit, claiming about two months' rent, for April and May, 1883, at $60 a month, and a small balance beyond.   Defendant gave notice that he would prove a surrender and acceptance by plaintiff about April 1, 1883.   The case, which was begun in a justice's court and appealed to the circuit, terminated in a verdict for the full sum claimed. Defendant brings error.

Plaintiff proved a written lease to defendant, under which possession was held.   Defendant introduced testimony tending to prove a surrender, and that plaintiff subsequently had one Richard McElligott as his tenant in possession.   Plaintiff thereupon, among other things, was allowed to prove by two witnesses that McElligott, while keeping the saloon, and in dealing with them as customers, told them the saloon was not his, but that he was running it for defendant, to whom he was responsible for the receipts.   It appears that McElligott had given a different version of his possession.

The testimony was objected to as impeaching, without having a proper foundation for impeachment laid by specific questions to McElligott as to time and place.

The court, however, did not treat it as impeaching testimony, but as simply contradictory as to the character of his possession.

It is not claimed for plaintiff that McElligott could bind defendant by his statements as to tenancy in his behalf ; but it is insisted that it was competent to show by his declarations, made in the course of his business, that he claimed by tenure inconsistent with any possessory rights of his own.

It is said by Mr. Greenleaf that there is no reason why every declaration accompanying the act of possession, whether in disparagement of the claimant's title, or otherwise qualifying his possession, if made in good faith, should not be received as part of the res gestæ ; leaving its effect to be governed by the other rules of evidence.   1 Greenl. Ev. § 110, and cases there cited.   It would certainly, under

the pleadings in this case, be competent for defendant to show just what relations existed between plaintiff and McElligott, and equally competent for plaintiff to do so. This could only be done by showing what transactions had passed between them, including the language used by both. There is no other way of proof, although, so far as defendant is concerned, he would be a stranger to their dealings. It would be taken out of the disabilities of hearsay, because relating to transactions and conduct pertinent to the issue. The question of the nature of the possession stands on the same footing as showing what would be inconsistent with contract relations between those persons, for what may be proved may be disproved. It is a familiar and necessary practice to show adverse possession, and its character, by the claims and assertions of tenants; and if made in the ordinary course of possession, and not under a dispute or litigation, such statements are admissible as explanatory, and for what they are worth.

The fact that declarations, if true, would bear upon the rights of third persons, cannot exclude them if otherwise competent. These statements could not bind defendant as an admission that he was in occupancy. That would have to be shown in another way, and it is to be presumed that everything was shown that was essential. But, so far as McElligott's possession, as held in his own right or not, became important, this testimony was relevant and competent.

As the case is presented by the exceptions there is nothing to require a reversal, and it should be affirmed.

The other Justices concurred.