COLEMAN v. McGOWAN'S ESTATE.

1. EVIDENCE—DECLARATIONS—ADMISSIBILITY.
    Declarations of a decedent tending to disprove a claim against his estate, not made in presence of the claimant, cannot be shown on the trial of the claim.

2. SAME—DECLARATIONS BY DECEDENT—EFFECT.
    Where a claimant against the estate of a decedent for services shows declarations of decedent that there was an understanding that claimant should be paid, a contention that no recovery can be had for services rendered prior to the earliest of the declarations is not tenable, since the declarations constitute an admission of the existence of an obligation to pay claimant's entire claim.

Error to Genesee; Wisner, J.    Submitted June 7, 1907.   (Docket No. 98.)   Decided October 4, 1907.

Julia Coleman presented a claim against the estate of Elizabeth McGowan, deceased, for services rendered. The claim was allowed by the commissioners, and contestant appealed to the circuit court.    There was judgment for claimant,   and contestant brings error.   Affirmed.

Seth B. Terry (Everett L. Bray, of counsel), for appellant.

Black & Roberts, for appellee.

CARPENTER, J.   Elizabeth McGowan died May 14, 1904.   From 1889 until her death, with the exception of about a year, Miss McGowan lived at the home of Mrs. Coleman, the above-named claimant.   Claimant brings this suit to recover compensation for boarding and caring for the deceased during this time.   In the circuit court she recovered a verdict and judgment for $2,073.50. The estate asks us to reverse that judgment upon several grounds:

*First.* It is contended that the trial court erred in refusing to permit the estate to introduce in evidence declarations of deceased not made in claimant's presence, which tended to disprove the claim. The ruling of the trial court was correct. *Van Fleet* v. *Van Fleet,* 50 Mich. 1.

*Second.* It appeared from the testimony that deceased had stated that she had never paid claimant for any of the board or care furnished; that this was to be fully paid out of her estate after her death; that there was an understanding to this effect between her and claimant and that for this reason claimant would have no trouble in collecting her account. The point is made that inasmuch as it appeared by this testimony that the earliest of these declarations was made in 1895 there could be recovery for nothing prior to 1895. I think it a proper answer to this contention to say that from this testimony the jury were warranted in inferring that the understanding admitted by the deceased was made at such a time and in such a manner as to obligate her estate to pay claimant's entire claim. The declarations above set forth, properly construed, constitute an admission of the existence of such an obligation.

*Third.* In answer to other complaints of the estate, we say: (*a*) That in charging the jury the trial judge presented in a clear and fair manner every proposition of law needful for them to consider; (*b*) that the verdict of the jury was not against the weight of the testimony.

Judgment affirmed.

G<small>RANT</small>, B<small>LAIR</small>, M<small>ONTGOMERY</small>, and O<small>STRANDER</small>, JJ., concurred.