BETTINGHOUSE v. BETTINGHOUSE.

1. EVIDENCE—EX PARTE STATEMENTS—ADMISSIBILITY.
   Ex parte statements of a decedent, not made in the presence of claimant, are inadmissible to show payment of a claim against the estate for services rendered decedent in her lifetime.

2. SAME—CLAIMS—ESTATES OF DECEDENTS—INSTRUCTIONS — QUESTION FOR JURY.
   Where, in such action, there was testimony that the services were rendered without expectations of pecuniary reward, the court could not decide, as a matter of law, that claimant was entitled to a judgment; the question being for the jury.

Error to Kent; Wolcott, J. Submitted January 21, 1909. (Docket No. 53.) Decided March 30, 1909.

Henry C. Bettinghouse presented a claim against the estate of Amelia Bettinghouse, deceased, for services rendered. The claim was allowed in the probate court, and defendant appealed to the circuit court. There was judgment for defendant, and claimant brings error. Reversed.

*Taggart & Taggart,* for appellant.

*Doyle & McKenna,* for appellee.

MOORE, J.   The claimant presented a claim of $1,800 against the estate of his mother for services and board rendered her from 1890 to June, 1902.   The case was tried before a jury, which returned a verdict in favor of defendant.   The case is brought here by writ of error.

It is the claim of claimant that he had an arrangement with his mother by which he was to board her, and to render services to her when she desired him to do so, and in return therefor she was to compensate him by provisions in her will.   The record discloses that trouble arose between them in June, 1902, and that no service or board was rendered after that date, and no claim is made for services or board after that date.   By her latest will Mrs. Bettinghouse left claimant but $5 out of a considerable estate. After the verdict of the jury was rendered, a motion was made for a new trial.   This motion was overruled.   Error is assigned:

(1) Upon the admission of testimony.
(2) Upon the charge of the court.
(3) Upon the remarks and argument of counsel.
(4) Upon the refusal to grant a new trial.
(5) That the judge should have directed a verdict in favor of claimant.

1. Was there error in the admission of testimony?   It will be remembered that no claim is made for what was done after June, 1902.   Evidence was permitted of statements made by Mrs. Bettinghouse, not in the presence of the claimant, and also of statements made after June, 1902, as to her trouble with her son.   An example is the following:

"I have heard her speak often about her business relations with her son Henry, but never heard her speak of her business relations when he was present.   I never heard a conversation between the two nor in his presence.

"*Q.* Is there any other conversation or statement that

you can now recollect that she made or had on her business relations with Henry? (The question was objected to as immaterial, irrelevant, and incompetent, unless claimant was present at the time of the conversation. Objection was overruled, and exception taken.)

"*A.* Why, yes; if I could go on and tell the whole story the way she said it, I could speak of a good many instances.

"*Q.* Do you remember of any one of them in particular now? (The question was objected to for the same reason. Objection overruled and exception taken.)

"*A.* She told me often what she did for them.

"*Q.* What did she say on that subject?

"*A.* She often told me what presents she had bought for Henry's people.

"*Q.* What did she say they were, if anything? (The question was objected to on the ground before stated. Objection was overruled and exception taken.)

"*A.* Why, this gold watch, and she told me very much. They were all very good to her. One was a granddaughter, and she said something about buying a watch for the daughter. Whether it was for Nora or not I don't know, and then she bought a watch for Nora's daughter.

"*Q.* You had but little present knowledge of your own as to what Henry had done for his mother, haven't you?

"*A.* I didn't see him do anything, because I wasn't there when he did anything; only what she told me he did. I think she detailed all the things he had done for her. She told me a good many things that he did."

This is as favorable testimony as the record discloses, of any payment.

The judge in his charge used the following language:

"As to the express promise which Mr. Bettinghouse claims his mother made to pay him for his services and her board by giving him the homestead at her death, by will or otherwise, if you find such a promise was made, and if the claimant performed services for his mother, such as the agreement contemplated, and furnished her board under such agreement or understanding (and has not been paid for such services), then he is entitled to maintain a claim against his mother's estate for such services as you find from the evidence were actually ren-

dered by him for his mother, rendered pursuant to such agreement and for board at what such services and board were reasonably worth."

We think the ex parte statement of Mrs. Bettinghouse was inadmissible under the following authorities: *Van Fleet* v. *Van Fleet*, 50 Mich. 1; *Tolbert* v. *Burke*, 89 Mich. 132; *Coleman* v. *McGowan's Estate*, 149 Mich. 624. In view of the charge of the court above quoted, we do not think the claim of counsel that it was harmless error can be sustained.

5. It is contended the judge should have instructed the jury that claimant was entitled to recover some amount, and that they should decide the amount thereof under the testimony taken. There was testimony in the case from which the inference might be drawn that the services were rendered, and the board furnished, without the expectation of pecuniary reward. The judge could not decide, as a matter of law, that claimant was entitled to a judgment. The question was one for the jury.

The other assignments of error, which are well taken, grow out of the improper admission of testimony, and are not likely to be repeated.

Judgment is reversed, and new trial ordered.

BLAIR, C. J., and GRANT, MONTGOMERY, and MCALVAY, JJ., concurred.