### FREDA *v.* TISHBEIN.

1. WITNESSES — ESTATES OF DECEDENTS — EVIDENCE — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEDENT.

   In a replevin case instituted by the administratrix of the estate of a decedent, for a stock of merchandise claimed to have belonged to the deceased, the plaintiff was properly allowed to testify to matters equally within the knowledge of decedent, *i. e.*, as to the fact of his possession and related matters, since it is only the witnesses of the opposite party whose testimony is excluded by 3 Comp. Laws, § 10212, as amended (5 How. Stat. [2d Ed.] § 12856).

2. EVIDENCE—DECLARATIONS—RES GESTÆ.

   Declarations of a decedent, not contrary to his then interest, tending to prove that he was the owner of personal property involved in a replevin case, not made in the presence of defendants, were improperly admitted in evidence as against his son and widow who claimed the right of possession and proprietorship: the statements were not a part of the *res gestæ*, so connected with decedent's possession as to make them competent.

Error to Wayne; Murphy, J. Submitted January 29, 1913. (Docket No. 131.) Decided March 20, 1913.

Replevin by Pauline Freda, special administratrix of the estate of August Tishbein, deceased, against Sophie Tishbein and August Tishbein, Jr., for a stock of merchandise. Judgment for plaintiff. Defendants bring error. Reversed.

*Frank C. Moriarty* and *Lehman, Riggs & Lehman*, for appellants.

*Felix A. Doetsch*, for appellee.

STONE, J. This is an action of replevin brought by the plaintiff, as special administratrix of the estate of August Tishbein, Sr., deceased, against the widow and son of said deceased. August Tishbein, Sr., died intestate on or about the 3d day of October, 1910. No petition for administration was filed by his heirs, but after due time a petition was filed by the plaintiff as a creditor of said estate, and special administration was granted to her. It was claimed that the estate of said deceased consisted of a stock in trade at 357 Gratiot avenue, in the city of Detroit, and plaintiff, as special administratrix, brought an action of replevin to obtain possession of the stock from the widow and son, who were in possession when demand was made for the same. The record would indicate that the defendant August Tishbein, Jr., claimed to be the owner of the property when suit was commenced. The trial resulted in a verdict and judgment for the plaintiff, and the defendants have brought the case here for review.

The only errors upon which they rely relate to the action of the trial judge in admitting certain testimony of the plaintiff and her witnesses.

(1) It is the claim of the defendants that certain testimony of the plaintiff was incompetent under section 10212 3 Comp. Laws, as amended, relating to matters equally within the knowledge of the deceased.

(2) That the court erred in permitting the various witnesses of the plaintiff to testify as to statements made by decedent during his lifetime while in possession concerning the title to the stock of goods in question.

There is no evidence that any such statements were made in the presence of the defendants, or either of them, and it is the claim of the defendants that such testimony was clearly hearsay, selfserving, and prejudicial.

1. Considering the matters in the order above stated, we will consider first whether the testimony of the plaintiff was within the terms of the statute prohibiting the opposite party, in a suit prosecuted or defended by personal representatives of the deceased person, from testifying to matters which, if true, must have been equally within the knowledge of the deceased. It should be borne in mind that the plaintiff represents the estate of the decedent. We do not think that this statute renders the personal representative incompetent to testify in behalf of the estate as to matters within the decedent's knowledge. Unless objectionable upon other grounds than the one here urged, it was competent for the plaintiff to testify to matters equally within the knowledge of decedent. The present case is not one in which a claim is presented against an estate. This is simply a suit to determine who had the right to the possession of these goods a few weeks after the death of decedent, whether the administratrix or the defendants, and we think it was competent for the plaintiff to testify to any fact in connection with the possession of decedent. In other words, the estate is in no sense an opposite party, and the plaintiff represents the estate. *Moore* v. *Machen,* 124 Mich. 216 (82 N. W. 892). The above case holds that this statute does not render the personal representative incompetent to testify in behalf of the estate as to matters within the decedent's knowledge.

2. The other question is one of more difficulty. Numerous witnesses, including the plaintiff, were permitted to testify to conversations with the decedent while he was in possession of the stock of goods, and not in the presence of either of the defendants, as to decedent's ownership of the stock. It is the claim of the plaintiff, and seems to have been the holding of the trial court, that

such evidence was admissible as part of the *res gestœ* and as verbal acts characterizing and explaining the nature of the possession. Under this ruling of the court certain testimony was admitted tending to show that the decedent said that he owned the stock. On the other hand, it is the claim of the defendants that the testimony was hearsay, self-serving, and prejudicial, and thus inadmissible, and that the rule in this State is to the effect that declarations of the decedent cannot be shown if they are in favor of the party who made them, and adverse to the other party, and many cases are cited by counsel on both sides.

Before discussing the Michigan authorities, which ought to be decisive of this case, we refer to 24 Am. & Eng. Enc. Law (2d Ed.), at page 689, where the following language is used:

" In some jurisdictions it is held that, where the title to personal property is involved, the declarations of a person in possession, indicating the character of the possession, are admissible in evidence on the issue of ownership, though the declarations operate in the declarant's own favor. The doctrine is generally based on the ground that the mere fact of possession is *prima facie* evidence of the title, and hence, the act of possession being proved, the declarations of a person while in possession are admissible as explanatory of the act. But this is not recognized in other jurisdictions "—citing many cases, including *Michigan Paneling, etc., Co.* v. *Parsell*, 38 Mich. 475.

The case of *Stone* v. *O'Brien*, 7 Colo. 460 (4 Pac. 794), is also cited. That court said:

" 'Declarations of the party in possession, explanatory of the possession, or explanatory of the title he is claiming' may be given in evidence by himself or those holding under him, where either of these matters is properly in issue. But they are 'proof only that such was the character of the possession, or such was the title claimed;' they are no evidence of the title actually held; and where the issue is, not what was the nature of the possession, nor what was the title claimed, but which party, plaintiff or defendant, was the actual owner, such declarations are not admissible."

Referring to *Michigan Paneling, etc.*, *Co.* v *Parsell, supra,* this court said:

"In general such declarations can only be received in disparagement of the party's title; not in support of it; they may be shown to characterize a possession and thus make out an adverse holding, because for this purpose they would be a part of the *res gestœ;* but they are never received as evidence of title in favor of the party making them."

See, also, *Cook* v. *Knowles,* 38 Mich. 316; *Wilson* v. *Wilson,* 6 Mich. 9–15. In that case it was sought to show the declaration of one Henry Wilson, deceased. This court held that, while the complainants were entitled to prove his admissions, the rule would not allow his declarations to be introduced on behalf of his representatives any more than of himself if he were living. *Jones* v. *Tyler,* 6 Mich. 364; *Ward* v. *Ward,* 37 Mich. 253; *Hogsett* v. *Ellis,* 17 Mich. 351. In that case, for the purpose of showing defendant's claim of title, he was asked how he claimed to occupy the premises, to which he replied: "I considered it mine." Held, that this was error; that it was the mere opinion of the witness, or at most a declaration in his own favor, not evidence from which the jury could determine the fact. *Bower* v. *Earl,* 18 Mich. 367. Where certain statements were shown claimed to have been made by the prior grantor while in possession of certain premises, in disparagement of his title concerning the extent of his holding and the place of the dividing line between him and his neighbor, in a trial of title where a subsequent grantee was a party, it was held that, while such statements could not prove the actual title, they were competent to explain the nature and extent of said grantor's possession, as being part of the *res gestœ.* The court used this language:

"These statements were objected to as attempts to create title by parol. They certainly could not be any proof of title. But they were introduced for no such purpose. They were properly received to explain the nature of Mundy's possession, and were receivable on the same

principle which allows statements as part of *res gestœ.* They create no right, but simply explain a fact, which is not of itself conclusive of anything, and which derives its legal character from its intent and circumstances. Voorhees' claim while in possession was in disparagement of his own title to the strip in the suit; but we agree with Mr. Greenleaf that such statements and claims to explain possession are admissible for what they are worth, whether in disparagement of title or not. 1 Greenleaf on Evidence, § 109."

*Sparrow* v. *Hovey,* 44 Mich. 63 (6 N. W. 93); *Van Fleet* v. *Van Fleet,* 50 Mich. 1 (14 N. W. 671). This case involved a claim against the estate of Hugh H. Van Fleet, and Justice COOLEY, speaking for the court, said:

" As a part of his case the claimant proved declarations of the intestate tending to show that he expected to pay for the claimant's services. The defense then offered to show declarations of the intestate of a different character, made near the same time; but the offer was overruled. In support of the offer cases were referred to which have held declarations of a party that he had made his will, or that he had destroyed his will, admissible under some circumstances. But those were cases in which the declarations when made were not adverse to the interests of any one. Those which were offered in this case were declarations in favor of the party making them, and adverse to the interest of another. No plausible argument can be made in support of the offer to prove them."

The case of *Jacob* v. *Callaghan,* 57 Mich. 11 (23 N. W. 454), is cited by plaintiff's counsel. In that case Justice CAMPBELL said:

" It is said by Mr. Greenleaf that there is no reason why every declaration accompanying the act of possession, whether in disparagement of the claimant's title or otherwise qualifying his possession, if made in good faith, should not be received as part of the *res gestœ,* leaving its effect to be governed by other rules of evidence. 1 Greenl. Ev. § 110, and cases there cited.  *  *  *  The question of the nature of the possession stands on the same footing as showing what would be inconsistent with contract relations between those persons, for what may be proved may be disproved. It is a familiar and necessary practice to

show adverse possession, and its character, by the claims and assertions of tenants; and if made in the ordinary course of possession, and not under a dispute or litigation, such statements are admissible as explanatory, and for what they are worth."

See reference to last above case by Justice MONTGOM-ERY in *Coldwater Nat. Bank* v. *Buggie,* 117 Mich. 416 (75 N. W. 1057).

In *Coleman* v. *McGowan's Estate,* 149 Mich. 624 (113 N. W. 17), it was held that declarations of the decedent tending to disprove a claim against his estate, not made in the presence of the claimant, could not be shown on the trial of the claim. *Bettinghouse* v. *Bettinghouse,* 156 Mich. 169 (120 N. W. 617); *Tolbert* v. *Burke,* 89 Mich. 132 (50 N. W. 803); *Drake Coal Co.* v. *Croze,* 165 Mich. 120 (130 N. W. 355).

More cases might be cited, but we have cited a sufficient number to show the trend of the authorities and the rule which has been adhered to in this State. In other jurisdictions there is to be found a great conflict in the cases, and there is much confusion in the authorities. 3 Wigmore on Evidence, § 1778 *et seq.*

It will be noted that in this case the evidence was offered and received as though there were some question qualifying or explanatory of the possession of the decedent. An examination of the evidence received shows that there was no question as to the nature of the possession, nor what was the title claimed by decedent. This evidence was offered to show who was the actual owner of this property. It was material upon this point, if material at all. It seems to us that such declarations were not admissible; that decedent was in possession of the stock of goods was the real question in issue. No question was raised as to the nature of his possession, and nothing was offered explanatory of, or qualifying, such possession, and we think the true rule is that where the issue is, not what was the nature of the possession, nor what was the title claimed, but which party was the actual owner, such declarations are

not admissible. The danger of admitting such testimony as tending to show who was the actual owner is apparent. It does not seem to us that mere possession may be termed an act, so as to justify the application of this branch of the doctrine of *res gestæ*.

The instances, when the declarations should be received, are when the character of the possession, or nature of the claim made, becomes material with a view to the determination of some ulterior question; as, for instance, cases in which a right rests upon the statute of limitations, and it is necessary to show that the possession was adverse. To say that, in a case where the only issue is actual ownership, a party may support his title by proof of his own declarations to third persons on sundry occasions, not in the presence of the claimant, is to declare that one may manufacture evidence for himself. Declarations by a party in possession, against interest or in disparagement of title, are admissible under a different rule from that we are here considering. We think the evidence should not have been received, and that it was prejudicial error to allow it to be submitted to and considered by the jury.

For this error we are constrained to reverse the case and grant a new trial.

STEERE, C. J., and MOORE, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.