Androvitch v. Fowler, 54 Utah 506.

## ANDROVITCH v. FOWLER.

No. 3351.   Decided June 18, 1919.   (182 Pac. 222.)

1. APPEAL AND ERROR—OBJECTIONS IN LOWER COURT—MOTION TO STRIKE IRRESPONSIVE ANSWER. Where testimony was not responsive, it was the prerogative of defendant, who asked the question, and not plaintiff, to move that the answer be stricken;

so, where incompetent evidence was elicited, defendant cannot defeat an assignment of error complaining of the admission of such evidence on the ground plaintiff did not move to strike.[1] (Page 511.)

2. EVIDENCE—DECLARATIONS OF OWNERSHIP—ADMISSIBILITY. In an action to recover a popcorn stand, which defendant, a constable, had levied upon as belonging to one K., where plaintiff introduced much evidence to show that K. was his employé, testimony as to K.'s declarations of ownership in himself is incompetent.[2] (Page 511.)

3. REPLEVIN—ACTIONS—EVIDENCE. In an action in claim and delivery to recover a popcorn stand, which defendant, a constable, had levied upon as property of another, evidence held insufficient to sustain a verdict for defendant. (Page 511.)

Appeal from District Court, Third District, Salt Lake County; *J. D. Call*, Judge.

Action in claim and delivery by John Androvitch against Thomas S. Fowler, begun in the city court and appealed by defendant to the district court. From a judgment there for defendant, plaintiff appeals.

REVERSED and REMANDED for new trial.

*R. Gilray* and *H. V. Van Pelt*, both of Salt Lake City, for appellant.

*Joseph W. Rozzelle* of Salt Lake City, for respondent.

THURMAN, J.

This is an action in claim and delivery to recover a· certain popcorn stand and miscellaneous supplies pertaining thereto, all of the value of one hundred and fifty dollars. The complaint alleges ownership in the plaintiff and unlawful detention of the property by defendant, to appellant's damage in the sum of three hundred dollars, for which sum plaintiff

---

[1] *Gleason* v. *Railroad Co.*, 49 Utah, 409, 164 Pac. 484. ·
[2] *Surbaugh* v. *Butterfield*, 44 Utah, 446, 140 Pac. 757.

prays judgment, and for the value of the property, if delivery cannot be had.

Defendant denies the ownership of plaintiff and the unlawful detention of the property, and as a further defense in substance alleges that he, as constable of Salt Lake City precinct, Salt Lake county, Utah, levied upon the machine and appurtenances as the property of one John Klakor, in whose possession the property was, in satisfaction of a judgment against said Klakor in the justice's court of said precinct; that said Klakor and plaintiff for some time previous to the levy had been holding Klakor out to the public as the owner of said property, and said levy was made by defendant on account of said holding out, and plaintiff was therefore estopped from asserting title in himself.

The action was commenced in the city court of Salt Lake City, in which court a judgment was rendered for defendant. Plaintiff appealed to the district court of Salt Lake county, and a jury in said court found for the plaintiff. A new trial was granted. The case was again tried to a jury, verdict rendered for defendant, and judgment entered accordingly, from which judgment plaintiff prosecutes this appeal.

The ownership of the property presents the only question for determination. The question arises on two assignments of error: (1) The absence of any evidence to sustain the verdict; and (2) error of the court in admitting certain evidence over plaintiff's objection.

The testimony of plaintiff himself was to the effect that he purchased the popcorn machine and stand for the sum of six hundred and fifty dollars, five hundred dollars of which was paid in cash and one hundred and fifty dollars in promissory notes, which he afterwards paid; that he ran the machine himself for about two weeks, and then hired Klakor to run it; that he paid Klakor five dollars per day for his services; that once or twice a month he came down from Alta, where he worked, and collected the proceeds of the machine, less Klakor's wages; that Klakor ran the machine for plaintiff about eight months, up to January 22, 1918; that neither Klakor nor any other person except the plaintiff was interested in

the machine; that the machine earned about eight dollars per day, and he paid the Kenyon Hotel, in front of which the stand was situated, fifty dollars per month as rent; that he paid for the gas to run the machine three or four dollars per month; that Klakor was his manager, and carried on the business for him. Another witness for plaintiff testified that he was present when plaintiff bought the machine, was a witness to the purchase by plaintiff, saw him pay the money for it, and had the understanding that Klakor had negotiated the transaction and was hired by plaintiff to run the machine. This witness was a real estate dealer in Salt Lake City, was a notary public, and witnessed some documents pertaining to the transaction.

In addition to this evidence, a lease and assignment thereof to plaintiff from the lessee of the Kenyon Hotel of the right to operate the machine in front of said hotel was introduced in evidence, together with a letter from the former owner of the machine, acknowledging that the machine and supplies pertaining thereto had been fully paid for. This letter was addressed to Klakor as manager of John Androvitch & Co. Plaintiff testified that he alone constituted John Androvitch & Co.

This evidence for plaintiff is not controverted by a syllable of testimony in behalf of defendant, unless we include the testimony hereinafter to be considered, which was admitted over plaintiff's objection. It is true that Klakor operated the machine and had it in his custody and control, all of which was consistent with his position as manager for plaintiff. It is also true that, while plaintiff paid for the license, it was made in Klakor's name, which circumstance was satisfactorily explained. Klakor was absent from the state when the case was tried and plaintiff was unable to procure him as a witness.

During the course of the trial a witness who had been employed at one time by Klakor to repair the machine was asked what Klakor said "about the ownership of the machine." This was objected to by plaintiff on the ground that it was irrelevant, immaterial, and incompetent. The objection was overruled and exception taken. The witness answered:

"He said he paid something like five hundred dollars for the machine, but it was not the machine he bought; he thought he was 'stung' on the machine, but it was the lease he considered was worth the money."

It is conceded that plaintiff was not present when this declaration by Klakor was made, and appellant, in support of his objection, insists that the testimony was hearsay, was not part of the res gestæ, and was therefore incompetent. Many cases are cited in support of appellant's contention, among which are the following: *Abbott* v. *Hutchins*, 14 Me. 390, 31 Am. Dec. 59; *Carter* v. *Felland*, 17 Mo. 383; *Holmes* v. *Sawtelle*, 53 Me. 179; *Van Fleet* v. *Van Fleet*, 50 Mich. 1, 14 N. W. 671; *Ward* v. *Ward*, 37 Mich. 253; *King* v. *Frost*, 28 Minn. 417, 10 N. W. 423; *Winchester & Partridge Mfg. Co.* v. *Creary*, 116 U. S. 161, 6 Sup. Ct. 369, 29 L. Ed. 591; *Freda* v *Tischbein*, 174 Mich. 391, 140 N. W. 502, 49 L. R. A. (N. S.) 700, and note; 1 Elliott, Ev. pages 632, 633.

The consistency of respondent's position in respect to this question is exceedingly doubtful. He contends: (1) That the answer of the witness was not responsive to the question, and that plaintiff might have moved to strike it out, but no such motion was made; and (2) that the declaration of Klakor did not amount to a claim of ownership, and the testimony was therefore harmless.

Replying to the first proposition it is sufficient to say, if the evidence was competent and not responsive to the question, it was the prerogative of the party asking the question, and not of the opposing party, to move that the answer be stricken. *Gleason* v. *Railroad Co.*, 49 Utah, at page 409, 164 Pac. 484, and cases cited. If the evidence called for was incompetent, the objection to the question should have been sustained. As to the second proposition, respondent's position is even more perilous. If the statement of Klakor did not tend to prove ownership in himself, and was therefore harmless, then the defendant, as before stated, is without a syllable of evidence to disprove plaintiff's title, or prove title in himself.

But, notwithstanding the attitude of respondent in respect to the question, whether consistent or inconsistent, the ques-

tion should be disposed of on its merits. It cannot be disputed that the question propounded to the witness called for any statement which Klakor could have made respecting the ownership of the machine. The answer of the witness tended to establish ownership in Klakor, and was therefore responsive. If the statement of Klakor had any application whatever to the question of ownership, it was entirely self-serving; it tended to establish title in himself in disparagement of the title of his principal. This would seem to be fundamentally wrong. In *Abbott* v. *Hutchins*, supra, it was held that the declarations of a servant in possession of chattels attached for his debt, to the effect that they are his property, are inadmissible against his master in an action against the attaching officer. The court, by way of illustration, in the course of its opinion, said:

"A clerk in a store, or any other person, having the charge or oversight of another's property, may, upon the same principle, bring the title of the owner into jeopardy, by declaring the property his. And if the assurance with which it is made, and the frequency of its repetition, should at length command belief, the interest of the owner may be defeated, without any fault whatever on his part. Such cannot be the law."

This case is exactly in point. It is referred to in Jones, Com. on Evidence (2d Ed.) section 351. The principle is also recognized by allusion to the same section in the opinion of this court in *Surbaugh* v. *Butterfield*, 44 Utah, 446. 140 Pac. 757.

In the case at bar the uncontradicted evidence shows that Klakor was the agent and manager of plaintiff, in the custody, control, and operation of the property in question at the time the statement above referred to was **1-3** made. The agency was positively established by the evidence on behalf of plaintiff, and was not in any respect controverted by evidence for the defendant. Klakor, in signing documents pertaining to the business, signed as manager of John Androvitch & Co., which company consisted of John Androvitch alone. The position of Klakor being that of a servant merely, as shown by all the testimony, we are inclined to hold, in conformity with the case above referred to, that his declaration

tending to show title in himself, as against his principal, should not have been admitted. Our decision, however, need not rest upon that ground alone. It is not our purpose to consider cases in detail or at length. Practically every question pertaining to declarations of third persons respecting ownership while in possession of property that can possibly be raised in the trial of a case has been raised and judicially determined in the different jurisdictions of the country. The opinions of the courts, as on many other questions, are not always in harmony, and it would be unprofitable to undertake to either reconcile or distinguish them. 3 Wigmore, Ev. 1779. It may be stated, however, that there are some questions pertaining to the subject under review about which there is little or no conflict of opinion. In the note to *Freda* v. *Tischbein,* supra, 49 L. R. A. (N. S.) at page 708, last column, it is said:

"All the cases are in accord in holding that the res gestæ rule does not extend so far as to include declarations as to source of title. Such declarations are not properly a part of the res gestæ of the possession, since they are not explanatory of possession, but of the method of obtaining title, which is a past event."

Many cases are cited in support of this proposition. Most of them are Alabama cases, in which state the courts have gone to an unusual length in admitting as evidence of ownership declarations of third persons in possession of property as witness *Daffron* v. *Crump,* 69 Ala. 77. The cases referred to in the note from which the above quotation is taken strongly support the proposition there laid down. See, specially, *Hopkins* v. *Heywood* (a Vermont case, in which many other cases are referred to) 86 Vt. 486, 86 Atl. 305.

We are of the opinion that the question in issue here is controlled by the principle enunciated in the excerpt above quoted and the cases cited in support thereof. Here the declarant did not assert personal ownership directly, but told how, and for what price, he obtained it. In fact, it is a mere recital of a past transaction, and brings the case squarely within the principle of the authorities cited. The entire note from which the above is quoted is exceedingly illuminating and instructive.

Appeal from Third District.

The cases relied on by respondent can easily be distinguished. *Creighton* v. *Happes*, 99 Ind. 369; *Avery* v. *Clemons*, 18 Conn. 306, 46 Am. Dec. 323; *Reiley* v. *Haynes*, 38 Kan. 259, 16 Pac. 440, 5 Am. St. Rep. 737; *Hardy* v. *Moore*, 62 Iowa, 65, 17 N. W. 200; 16 Cyc. 1173C, and cases cited; 1 Elliott, Ev. 564.

In view of the law as we find it, as applied to the facts of this case, we have no hesitancy in arriving at the conclusion that the objection of appellant to the question calling for Klakor's statement as to the ownership of the property ought to have been sustained, and that the court erred in overruling the objection. Furthermore, with the elimination of this evidence from the case, we find no substantial evidence whatever to sustain the verdict in defendant's favor.

The judgment is reversed, at appellant's cost, and the case is remanded for a new trial.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.