## CHENOWORTH v. FLANNERY.

### No. 5785.

Court of Civil Appeals of Texas. Amarillo.
May 19, 1947.

Bonney, Paxton & Wade, of Dallas, for appellant.

Hughes & Monroe, of Dallas, for appellee.

STOKES, Justice.

This is a proceeding in the nature of a bill of interpleader, instituted by Republic Safe Deposit Company, a corporation,

against the appellant, James Chenoworth, and the appellee, Katherine Flannery. It was alleged by the safe deposit company that both of these parties were laying claim to the contents of a safety deposit box which the plaintiff had theretofore leased or rented to their ancestors; that the plaintiff was an impartial stakeholder, and it tendered into court the box and its contents, the latter to be disposed of in such manner as might be decreed by the court after a hearing of the claims of the parties respectively.

The record shows the deposit box contained numerous ancient gold coins and other jewelry, such as diamond rings and rings set with other precious stones, some bonds and numerous other articles not necessary to mention. It also contained $1,495 in currency.

The appellant and the appellee were duly cited to appear and answer and in proper order they filed answers setting up conflicting claims to numerous articles found in the box including the currency. During the trial, however, an amicable adjustment was made of all of the articles except the currency. Issue was joined and the case tried, therefore, upon the question of ownership of the currency. The case was submitted to the court without the intervention of a jury and resulted in a judgment decreeing to the parties respectively the articles of jewelry and bonds in accordance with the adjustment made by them. The court found that the $1,495 in currency belonged to J. M. Wiggins, deceased, the grandfather of appellant and appellee, and it was, therefore, divided equally between them. Appellant duly excepted to the judgment and perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas and the case was transferred to this court by an order of the Supreme Court equalizing the dockets of the courts of civil appeals.

The record reveals that J. M. Wiggins died in December, 1943, his wife having preceded him several years; that they left surviving them two daughters, Mrs. Katie Bell White and Mrs. Bertha M. Beckwith. Mrs. White died February 10, 1945, leaving as her only heir at law a son, the appellant, James Crawford Chenoworth, and Mrs.

Beckwith died in 1938, leaving as her only heir at law a daughter, the appellee Katherine Flannery. It is further shown by the evidence that for a number of years before the death of either Mrs. White or Mrs. Beckwith, the safety deposit box had been maintained by them under a contract of rental and that numerous articles belonging to each of them as well as other members of their families, had been stored in the box and maintained there for safekeeping. The box was first held in the name of Mrs. Beckwith but afterwards transferred to the name of Mrs. White. The rental contract contained a provision, however, that both of them should have access to it. The currency in dispute was enclosed in an envelope upon which was printed the return address of Interstate Theatres and the name of Katie Bell White was typewritten upon it.

Appellant contends that the court erred in dividing the currency equally between him and the appellee because there was no evidence to support a finding to that effect or, if there was any evidence, it was wholly insufficient to support the decree of the court. His contention is based upon the fact that the deposit box was maintained in the name of his mother, Katie Bell White, and that the currency was found in the envelope upon which her name was written. He asserts that his mother, therefore, not only had possession of the safety deposit box at the time of her death, but that the currency was identified by the name on the envelope as being her property. He invokes the rule that possession of personal property is prima facie evidence of ownership and that appellee did not produce sufficient evidence to overcome the prima facie case thus made by him.

It is well settled that possession of personal property carries with it the presumption of ownership but appellant is not justified in invoking the rule in this case because the evidence was to the effect that the deposit box was maintained for the benefit of both his mother and the mother of appellee. It was a joint tenancy and both of them had access to it by virtue of the rental contract under which it was held. Moreover, it contained numerous articles belonging to each of them and the

members of each of their families. It cannot be said, therefore, that appellant's mother, Mrs. White, had exclusive possession of the deposit box. Mrs. Beckwith's possession was fully equal to that of her sister, Mrs. White.

■ We are not impressed with appellant's contention concerning the envelope in which the currency was found because, while the name of his mother was written thereon, the evidence indicates that her address was also written upon it in connection with her name and that the return printed thereon indicated it had originated at Interstate Theatres. It also had a post mark on it, dated September 16, 1943, indicating it had been received by her through the mail. One of the witnesses, who had been employed by Mrs. White in a flower shop operated by her in the Adolphus Hotel, testified that frequently envelopes received through the mail were retained and used by Mrs. White for other purposes. There was nothing upon the envelope which indicated the writing or typewriting was placed upon it for the purpose of identifying the owner of the articles contained in it.

■ A careful review of the evidence has convinced us that there was ample testimony to support the judgment. It was shown without dispute that a short time before the death of J. M. Wiggins, the grandfather of the parties to this controversy, a town lot, which evidently belonged to the community estate of J. M. Wiggins and his deceased wife, was sold for the sum of $500 in cash. The evidence also showed that, after the death of J. M. Wiggins, Mrs. White came to the flower shop one morning and that she had with her a small bag containing some gold coins and some bills of currency. She stated to her employee that these articles belonged to her father and that she was taking them to the lock box. The amount of the currency which she then had with her was not revealed to the witness who testified about it but the evidence was sufficient to indicate that Mrs. White placed these bills in the deposit box with the $500 that had been received as consideration for the sale of the town lot and that all of it belonged to J. M. Wiggins. It is true that another witness testified in be-

half of appellant that the $500 received for the sale of the town lot was expended in discharging the burial expenses of J. M. Wiggins but this was denied by other witnesses. The testimony was sufficient to warrant the conclusion that both the $500 and the currency of an undisclosed amount were deposited in the safety deposit box. All of it belonged to the grandfather and the court was, therefore, warranted in concluding that all of the currency found in the box belonged to the estate of J. M. Wiggins. Since he was the grandfather of both appellant and the appellee and, by reason of the deaths of their parents, appellant and appellee were the sole and only heirs at law of J. M. Wiggins, the court properly divided the currency equally between them, and appellant's contention that the court erred in doing so will be overruled.

■ Appellant assigns error of the court in sustaining appellee's objection to testimony of Mrs. Wilson, proffered by appellant, to the effect that, before the death of J. M. Wiggins, Mrs. White had told the witness that she, Mrs. White, kept money in a safety deposit box so that she would not have to go to the bank each time she desired some ready cash. Appellant contends this testimony was material and would have established the fact that Mrs. White had said in effect that the currency found in the deposit box belonged to her. In support of his contention, appellant invokes the rule that declarations as to the ownership of property by a person in possession thereof are admissible in evidence upon the issue of its ownership. The rule is not of the comprehensive nature implied by appellant's contention. Self-serving declarations are, as a general rule, never admissible for any purpose when offered by the party making them or those claiming under him. It has been held in many cases that a statement of one in possession of personal property concerning the nature of his possession is admissible but it is only for the purpose of showing the nature of his possession as distinguished from the fact of his ownership. The exact conditions under which declarations of those in possession of property are admissible are well illustrated by the case of Du Bois v. Luthmer, 147 Iowa 315, 126 N.W. 147. In

that case a father had sent two of his children to a grocery store to purchase kerosene. They took with them a metal can or container for the kerosene and, instead of putting in kerosene, the merchant put gasoline in the can. When the children returned home, one of them undertook to replenish the fire in the stove by pouring some of the contents of the can thereon and an explosion ensued which injured the child. The question arose in the case of whether the can was furnished by the parent of the children or by the merchant from whom they purchased its contents, and the court held that statements of the children concerning what they were going to do with the can were admissible because, it was competent to show their possession of the can and, therefore, their declarations as to what they were going to do with it were admissible as verbal acts explanatory of their possession. The testimony excluded by the court in the instant case would have consisted of a delaration of Mrs. White, in the absence of the appellee or any one representing her, to the effect that she, Mrs. White, was the owner of the currency found in the deposit box. If Mrs. White had lived and had been a party to the litigation, she would not have been permitted thus to make evidence in favor of her own rights to the money and her death did not make her declarations admissible as coming through another. It would have been purely a self-serving declaration and hearsay evidence. Statements made by a party against his interests are admissible but any statements made by him which are self-serving and purport to bolster his own rights are not admissible, and the fact that the party making them is dead does not change the rule. It has never been the law that any claimant of the title to property could establish his claim by his own declarations and the rights of those claiming under him are no greater than his own. Since the proffered statement of Mrs. White was self-serving in its nature and constituted hearsay evidence, it was not admissible and the court did not err in excluding it. McClure v. Heirs of Sheek, 68 Tex. 426, 4 S.W. 552; Gilbert v. Odum, 69 Tex. 670, 7 S.W. 510; Rankin v. Bell, 85 Tex. 28, 19 S.W. 874; Marrett v. Herrington, Tex.Civ.App., 145 S.W. 254; Watson v. Watson, Tex.Civ.App., 28 S.W.2d 1100; Warren v. Humphreys, Tex.Civ.App., 274 S.W. 250; Parrish v. Looney, Tex.Civ. App., 194 S.W.2d 419; Freda v. Tischbein, 174 Mich. 391, 140 N.W. 502, 49 L.R.A., N.S., 700.

We have carefully considered all of the contentions urged by appellant and in our opinion none of them reveals error. The judgment of the court below will, therefore, be affirmed.